R. R. RUSSELL, SHERIFF, ETC. v. THE STATE.

*No. 1034. Decided June 27th, 1896.*

**Jurisdiction of Court of Criminal Appeals.**

Under provisions of Article 5, Section 5, Constitution, the Court of Criminal Appeals has no appellate jurisdiction save in criminal cases. A suit over money collected upon an execution issued upon a judgment final on a forfeited recognizance is not a criminal action in this State, and this court has no jurisdiction to entertain an appeal in a case involving such matters.

APPEAL from the District Court of Mason. Tried below before Hon. W. M. ALLISON.

The opinion states the case.

*A. W. Morsund*, for appellant.

*J. S. Stapleton*, District Attorney, and *M. Fulton*, for the State, moved to dismiss the appeal for want of jurisdiction. The money sought to be recovered is a debt arising under an implied contract, as well as statutory duty, etc., and a debt can not be recovered in a criminal proceeding. Kelly v. Sage, 12 Kan., 93, Old Reports, 109. No person shall ever be imprisoned for debt. Bill of Rights, Const. Texas, Sec. 18. This court has appellate jurisdiction in all "criminal cases" of whatever grade. Const. Texas, Art. 5, Sec. 5; Rev. Stat., Art. 1052.

What is meant by "criminal cases?" This, we think, is clearly answered in Article 3, Penal Code, where it is declared that no person shall be punished for any act or omission, unless the same is made a penal offense and a penalty is affixed thereto by the written law of this State.

What cases are included in the term "criminal cases," as used in the statutes? It is determined that no offense is a crime which does not violate the law of the land; penal proceedings are not criminal cases. Mixer v. Supervisor, etc., of Manistee Co., 26 Mich., 422 to 426; Wiggins v. City of Chicago, 68 Ill., 372; Woodward v. Squires, 39 Iowa, 435; Com. v. Intoxicating Liquors, 115 Mass., 142; Com. v. Intoxicating Liquors, 122 Mass., 8. The meaning of the words when used in a constitution. Floyd v. Comm., 14 Ga., 354.

This case is not analogous to the proceeding in forfeited bail bonds; in this case the forfeiture proceedings has taken its course, and the case closed, proceedings at an end, so far as the bail bond is concerned, the money is paid, and the bond case is out of court, and this proceeding is under the civil statute, and in no wise connected with the enforcement of the criminal statute. Rev. Stat., Art. 2385.

DAVIDSON, JUDGE. — One Treadwell was indicted in Menard County. The cause was, on change of venue, sent to Mason County, where his recognizance was forfeited, and final judgment ultimately rendered. Execution issued to Menard County, and the full amount called for was collected. The sheriff, after satisfying costs, etc., paid the remainder to the treasurer of Menard County. Motion was made by the District Attorney against the sheriff and the sureties on his bond in Mason County, and he was ordered to pay over said money in said county, and judgment entered to that effect; hence this appeal. The question at issue in the trial court was, which county, Menard or Mason, was entitled to the money collected on the execution? Motion is here made to dismiss this appeal, because this is a civil, and not a criminal, action. As before stated, this is a contest over money collected under execution. This is not a criminal action, as we understand that term. "A criminal action," as used in this Code, means the whole and any part of the procedure which the law provides for bringing offenders to justice; and the terms "prosecution," "criminal prosecution," "accusa-

tion," and "criminal accusation," are used in the same sense. Penal Code, Art. 26. "An offense is an act or omission forbidden by positive law, and to which is annexed, on conviction, any punishment prescribed in this Code." Penal Code, Art. 53. And these "offenses are divided into felonies and misdemeanors." Penal Code, Art. 54. A suit over money collected by virtue of an execution issued by authority of a judgment final, on a forfeited recognizance, is not a criminal action in this State. Under the Constitution (Art. 5, § 5), this court has no appellate jurisdiction save in criminal causes; hence none in this case. The appeal is dismissed.

*Dismissed.*

HENDERSON, Judge, absent.