## JOSE FRANCO v. THE STATE.

No. 11170.   Delivered December 14, 1927.

Rehearing denied January 18, 1928.

**1.—Possessing Slot Machine—Civil Action—No Jurisdiction in This Court.**

This appeal is taken from the County Court of El Paso County at law, from an order of that court directing the destruction of a slot machine.

**2.—Same—Continued.**

The rules governing the procedure in a case such as this are provided in Arts. 636, 637, 638, P. C. 1925.   The issue of whether such property is of that character which should be destroyed, under the statute, or whether the claimant should be entitled to hold same, is an issue involving the right to property, and the Court of Criminal Appeals has jurisdiction of Criminal matters only.   The appeal is therefore ordered dismissed.   See Art. 53, C. C. P. 1925.

ON REHEARING.

**3.—Same—Continued.**

We can see no similarity between this case and the forfeiture of a bail bond.   Appellant's remedy is clearly a civil cause of action, and his motion for rehearing is overruled.

Appeal from the County Court of El Paso County, at Law. Tried below before the Hon. J. M. Deaver, Judge.

Appeal from an order of the County Court of El Paso County at Law directing the destruction of a slot machine. Dismissed.

The opinion states the case.

*Cleveland W. Croom* and *Ponder S. Carter* of El Paso, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—This is an appeal from the County Court at Law of El Paso County.

As we understand this record, officers seized a certain slot machine in appellant's place of business, returned into the proper court a list of what was seized, setting up the fact that it was a slot machine and gambling paraphernalia. The court gave appellant notice to appear and show cause why the property should not be destroyed. Appellant appeared and filed an answer consisting of a general demurrer and general denial. A jury was impaneled and heard evidence upon the issues joined, and answered seriatim three questions submitted to them by the court. Both parties filed motions for judgment, basing their motions upon the answers of the jury referred to. The court declined the motion of appellant, but granted the motion of the State and entered judgment directing the destruction of the property. Apparently this appeal is an effort to bring before us the supposed error of the court in rendering the judgment above referred to.

This court is without jurisdiction to try and determine the issues involved in this case. Arts. 636, 637, and 638, 1925, P. C., seem to lay down rules governing the procedure in a case such as this. It is provided by Art. 637 that when the court makes an order directing the destruction of the property, such order shall be carried out by the proper officer, "unless the owner, lessee, or person entitled to possession under this law shall, before the destruction of said property, file suit to recover same." It is provided in Art. 638 that any person having interest in or entitled to possession of such property shall proceed "as in ordinary civil cases" to try the issue of whether such property is of that character which should be destroyed under the statute, or whether the claimant should be entitled to hold same.

The Court of Criminal Appeals has jurisdiction of criminal matters only. See Art. 53, 1925, C. C. P. We are without jurisdiction to try an issue involving the rights of property. Appellant is mistaken in his remedy.

The appeal is dismissed.                    *Dismissed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files a motion for rehearing, insisting that we ought to regard this as a criminal case and take jurisdiction of same. We are unable to perceive any similarity in legal principle between the action of the state in seizing the alleged gambling paraphernalia in this case, and its notification to appellant that same would be destroyed, and an action upon a forfeited bail bond. Appellant insists that there is such similarity.

As pointed out in our original opinion, there are provisions in our statute which clearly provide appellant with a civil remedy and which seem to us to deprive this court of any jurisdiction in a case such as this. We have again reviewed the matter, but see no reason to change our minds.

The motion for rehearing will be overruled.

                                        *Overruled.*