## JOE HALL v. THE STATE.

No. 11817.  Delivered May 30, 1928.
Rehearing granted January 16, 1929.

The opinion states the case.

*Cade Bethea* and *Flagin & Flagin* of Livingston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the state.

LATTIMORE, JUDGE.—Conviction for misdemeanor theft; punishment, ninety days in the county jail, and a fine of $250.00.

The record is here without any statement of facts or bills of exception.  The offense is sufficiently charged, and the judgment and sentence appear in all things regular.

No error appearing, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant relies here only on the fact that in his charge the court misstated the penalty as greater than that allowed by law, and the further fact that same was followed by the verdict and judgment for a greater penalty than fixed by statute. We overlooked this contention when we wrote originally. To be exact this case is as follows: The indictment herein was returned July 26, 1927, alleging theft of property of the value of $5.00 on July 2, 1927. Trial was had in November of that year. No facts are before us, no statement of facts having been filed. The charge of the court told the jury if they believed appellant took the property described in the indictment on or about July 2, 1927, they should find him guilty and fix his punishment at imprisonment in jail for a term not exceeding two years and by a fine not exceeding $500.00, or by such imprisonment without fine. The penalty fixed by the verdict and judgment was a fine of $250.00 and ninety days in jail. It is complained on appeal for the first time in this court that the penalty as stated in the charge was wrong and that fixed in the verdict was without authority of law.

The 40th Legislature, at its Regular Session, by the terms of Chap. 157, changed the punishment for theft of property of the value of $5.00 and less to a fine not exceeding $200.00. This amended law became effective June 15, 1927, and was therefore in force at the time of this trial. On this trial the court should have instructed the jury that in the event of conviction the penalty should be fixed at a fine of not exceeding $200.00, and the failure of the court to so instruct was an error, and one necessarily injurious to the rights of the appellant, (Art. 666 C. C. P.) in as much as under said charge the jury gave to appellant a jail sentence not authorized by law and a fine $50.00 in excess of the highest penalty now allowed under the statute.

But the State insists herein that there being no statement of facts on file in this case showing when in truth the property was taken,—and having in mind the well settled rule of presumption in favor of the correctness of the acts of trial courts,—also that the date of an alleged transaction as laid in the indictment is not binding,—we must presume that the trial court followed Art. 13 P. C. and that the proof herein showed a taking of the property at a date before the new law became effective. If we do so presume we would also have to either hold on the facts, or further presume that appellant elected to be tried

under the old law, for plainly under said Art. 13 P. C. it was the duty of the trial court to try him under the ameliorating law effective at the time of trial, regardless of whether the property was taken before or after the taking effect of such ameliorating statute, unless appellant had elected to be tried under the old law. What would constitute an election on the part of the accused in such case? Rather, what would be the proper course for a trial court in such case? We are clearly of opinion that the record should affirmatively show that the right of the accused to make such choice was known or made known to him, or those representing him, and it should appear that he then chose to be tried under the old law. If he made no choice, no election, the duty of the trial court to try him under the new law is plain. Art. 13, P. C. Gibbs v. State, 78 Texas Crim. Rep. 223, for citation of authorities. No showing is in this record of an election by appellant.

We are aware that some cases hold that if the trial court charges the old law, and there is no exception taken thereto, this amounts to the election referred to in the statute, but we are not in accord with such holding. Echols v. State, 75 Texas Crim. Rep. 369, on this point is overruled, as are all other cases so holding. Some of the authorities seem to hold it the duty of the accused to file a motion requesting that he be granted the election referred to in Art. 13, supra. This may be true. We do not purpose to prescribe any set method or rule by which the accused shall make his election known to the court in such case, but merely intend to say that since the statute in question makes it the duty of the court to try under the new law unless "He (the accused) elect to receive the penalty prescribed by the law in force when the offense was committed," that the court's record in all such cases, if the trial be had under the old law, should affirmatively show the fact of such election by the accused.

Appellant's motion for rehearing is granted, the affirmance is set aside, and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*