## Lono Lee v. The State.

No. 13354.   Delivered May 21, 1930.
Reported in 28 S. W. (2d) 559.

The opinion states the case.

*Harry Myers* of Fort Worth and *John W. Moyers* of Mineral Wells, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of property over the value of fifty dollars; the punishment, confinement in the penitentiary for three years.

The indictment charged appellant with having stolen thirty-four white leghorn hens of over the value of fifty dollars, it being alleged that the offense occurred on or about the 3rd day of June, A. D. 1929.   Trial was had on October 11, 1929.   The court submitted an instruction covering the law of theft of property over the value of fifty dollars, as defined in Arts. 1410 and 1421, Penal Code.

Section 1, Chapter 108, Acts of the Forty-first Legislature at its Regular Session, provides:

"Whoever shall steal any chicken, turkey, duck, goose, guinea or other domestic fowl, shall upon conviction, be guilty of a felony and shall be confined in the penitentiary for not more than two years, or shall be confined in jail for not more than one hundred days, or shall be fined not more than two hundred dollars, or be punished by both such fine and imprisonment in jail."

The above act became effective subsequent to the date of the commission of the offense and prior to appellant's trial. Art. 1423, Penal Code, in referring to penalties provided for theft generally, reads as follows:

"The two preceding articles do not apply to theft of property from the person nor to cases of theft of any particular kind of property where the punishment is specially prescribed."

Art. 13, Penal Code, provides in part as follows:

"In every case the accused shall be tried under the law in force when the offense was committed, and if convicted punished under that law; except that when by the provisions of the second law the punishment is ameliorated he shall be punished under the second unless he elect to receive the penalty prescribed by the law in force when the offense was committed."

Prior to the enactment of Chapter 108, supra, theft of chickens over the value of fifty dollars was within the terms of Arts. 1410 and 1421, supra, the punishment being prescribed at not less than two nor more than ten years confinement in the penitentiary. Since said act became effective the penalties prescribed by the general statute defining theft are not applicable to theft of chickens. The effect of the statute defining theft of chickens is to ameliorate the punishment. In the present instance the punishment assessed against appellant is confinement in the penitentiary for three years. The record does not affirmatively show that appellant elected to be tried under the old law. The facts bring the case within the holding in Hall v. State, 12 S. W. (2d) 1024. We quote the language of Judge Lattimore in that case as follows:

"We are aware that some cases hold that, if the trial court charges the old law, and there is no exception taken thereto, this amounts to the election referred to in the statute, but we are not in accord with such holding. Echols v. State, 75 Tex. Cr. R. 369, 170 S. W. 786, on this point is overruled, as are all other cases so holding. Some of the authorities seem to hold it the duty of the accused to file a motion requesting that he be granted the election referred to in Art. 13, supra. This may be true. We do not

purpose to prescribe any set method or rule by which the accused shall make his election known to the court in such case, but merely intend to say that, since the statute in question makes it the duty of the court to try under the new law, unless 'he (the accused) elect to receive the penalty prescribed by the law in force when the offense was committed,' that the court's record in all such cases, if the trial be had under the old law, should affirmatively show the fact of such election by the accused."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.