### Ex Parte Otis M. McWhorter.

No. 15130. Delivered January 27, 1932.

The opinion states the case.

*A. C. Chrisman,* of Cleburne, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—Appellant is charged by indictment with the desertion of, and refusal to provide for, the support and main-

tenance of his children, Otis McWhorter, Jr., Norma Doris McWhorter, and John Willis McWhorter, all under sixteen years of age.

The controlling statute is chapter 276, Acts of 42nd Legislature (1931), Regular Session, page 479, amending article 602, P. C., 1925, (Vernon's Ann. P. C., art. 602).

Appellant and wife, Grace McWhorter, were divorced. Under her application and representation to the court that the appellant was able-bodied and had earning capacity, the district court of Johnson county (in which the criminal case was pending) made an order requiring that the appellant pay into court the sum of $30 per month in two equal install-ments for the support of his children. Upon representation to the court of the refusal to comply with the order the appellant (after due citation and inquiry) was held in contempt of court, and a fine of $30 assessed against him. See P. C., 1925, art. 604. On application for a writ of habeas corpus to the district court of Johnson county, the application for discharge was denied.

The appeal to this court is based upon the claim that the appellant's detention is illegal for the reason that his delinquency is not wilful, but due to his inability to comply with the demand to support his children. The terms of the divorce and the disposition or custody of the children, if any were made, and not before this court. It appears that at the time the order to pay the $30 per month was entered the appellant was employed in a garage in which he worked about twelve days after the order was made. He was living with his father who, together with the brother of the appellant, provided food for him. His employment at the garage was on the commission basis, and his earning capacity was never great for the reason that he was unskilled, and for working at the garage he received $13. It seems that appellant worked at another place for $12 per week, or at least worked for some time and made $12 one week. It was shown that he had made two payments: one in November of $8 and one in December of $5. A witness testified that the appellant had made unsuccessful efforts to get employment but that it was very diffi-cult to find employment at this season.

The mother of the appellant claimed that his failure to comply with the order was due to his inability to do so. She stated that she was doing what she could for the children and would continue, while he was unable, to provde for them. Appellant had paid some bills.

The appellant's former wife testified that since the order was made, she had received but $13 from the appellant; that $8.50 had been paid on milk, gas and light bills. According to her testimony, the appellant claimed to have been working. She testified to certain misconduct of the appellant in coming to her house late in the night while he was drunk. She intimated that he was supporting a wife and an illegitimate child.

The appellant did not testify in his own behalf.

No legal obstacles to detaining the appellant under the statute cited have been perceived, and we are not able to conclude from the evidence adduced that the judgment of contempt was unauthorized.

An affirmance is ordered.

*Affirmed.*