## HARRY C. GREGORY V. THE STATE.

### No. 15007.  Delivered March 9, 1932.

The opinion states the case.

*Johnson & White, C. W. Goerte,* and *E. S. Allen,* all of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Appellant was under indictment in Tarrant county charged with wilfully neglecting and refusing to support his minor child.

Appellant and his wife had been divorced.  Pending the prosecution for desertion his wife, in behalf of the child, asked that an order be made against appellant directing him to pay a certain sum each week for the support and maintenance of the child.  After proper notice to appellant the court entered an order on October 17th, 1931, ordering appellant to pay into the treasury of the court on the first day of each month the sum of $35 for the maintenance and support of said minor child.  It is from this order that appellant is attempting to appeal.

The order was made under the provisions of article 604, P. C., as amended by Acts, 1931, 42nd Leg., chap. 31, sec. 1 (Vernon's Ann. P. C., art. 604), which reads: "Article 604.  The Court during its term, or Judge thereof in vacation after the filing of complaint against or after the return of indictment of any person for the crime of wife, or of child, or of wife and child desertion shall upon application of the complaint give notice to the defendant of such application and may upon hearing thereof enter such temporary orders as may seem just, providing for the support

of deserted wives and children or both, pendente lite, and may punish for the violation or refusal to obey such order as for contempt."

The prosecution for desertion was still pending when this appeal was prosecuted. The order in question is only interlocutory from which no appeal will lie. The Court of Criminal Appeals has appellate jurisdiction in "all criminal cases of whatever grade, with such exceptions and under such regulations as may be prescribed by law." Article 5, section 5, Const. of State of Texas. While the order from which appellant seeks to appeal was ancillary to a criminal prosecution, the order itself cannot be held to be a criminal case under the provisions of the Constitution. See Russell v. State, 37 Texas Crim. Rep., 503, 36 S. W., 1070.

If appellant had refused to comply with the court's order, and had been held in contempt therefor, and committed to jail in punishment, appellant could have sought relief by habeas corpus proceeding, and if denied the relief this court would have had jurisdiction to review the act of the lower court in the contempt proceeding. See Ex parte McWhorter, 119 Texas Crim. Rep., 145, 45 S. W. (2d) 977, opinion delivered January 27, 1932.

Having no jurisdiction to entertain an appeal from the order mentioned, the appeal is ordered dismissed.

*Dismissed.*