PERRY KUGLE V. THE STATE.

No. 15787.   Delivered April 19, 1933.
Reported in 59 S. W. (2d) 417.

The opinion states the case.

E. T. Adams, of Dallas, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for misdemeanor embezzlement, punishment being assessed at twenty days' imprisonment in the county jail.

Appellant was indicted under the general embezzlement

statute, which is article 1534, P. C. It was alleged that he was the agent of the Glen Rose Independent School District, Incorporated, and that he converted to his own use without the consent of said school district *five dollars* which had come into his possession by virtue of his agency.

Motion was made to quash the indictment upon various grounds, but we fail to discover any vice in it.

The evidence shows that appellant had received the nomination as tax collector of Somervell county, and that officers of the independent school district had made arrangements with him to collect the school tax due for the district, believing that it would be easier to collect it in that way than to have an independent collector. The proof shows that the Southwestern Bell Telephone Company sent appellant a check for $46.97, included in which was five dollars for the school district in question. It was the contention of the state that appellant passed said check to his credit and failed to account to the school district for the five dollars due it.

We think it necessary to discuss but one question. In the charge the jury was authorized, if they found appellant guilty, to assess his punishment at imprisonment in the county jail not exceeding two years, and by a fine not exceeding five hundred dollars, or by such imprisonment without fine. The penalty assessed was twenty days' imprisonment in the county jail. The general embezzlement statute (article 1534) provides that the punishment for embezzlement shall be the same as if the accused had committed theft. By Acts of the 40th Legislature (1927), chapter 157, page 232, punishment for theft of property of the value of *five dollars* or under was fixed at a fine not to exceed two hundred dollars. See article 1422, as amended in Cumulative Annual Pocket Part, Vernon's Ann. Tex. P. C., vol. 3. The provisions of article 1534 fixes the penalty for embezzlement the same as if for theft. The undisputed evidence shows that the amount claimed to have been embezzled was only five dollars, the same as charged in the indictment. The penalty which the jury was authorized and did assess is not permitted by the law.

The county court had jurisdiction to try the case. Patterson v. State, 56 S. W. (2d) 458. But the jury was misdirected as to the penalty to appellant's injury. Hall v. State, 111 Texas Crim. Rep., 381, 12 S. W. (2d) 1024; Keenan v. State, 120 Texas Crim. Rep., 616, 48 S. W. (2d) 264; Lee v. State, 115 Texas Crim. Rep., 429, 28 S. W. (2d) 559.

This was fundamental error for which it becomes necessary

to reverse and remand the judgment, and it is accordingly so ordered.

*Reversed and remanded.*