### EX PARTE SIDNEY WOLFSON.

No. 17229. Delivered October 10, 1934.
Rehearing Denied (Without Written Opinion) November 7, 1934.
Reported in 75 S. W. (2d) 440.

The opinion states the case.

: *Johns, McCampbell & Snyder,* of Corpus Christi, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—This is a novel case. Officers, armed with a search warrant apparently regular, searched appellant's premises for intoxicating liquor and found there ninety gallons of whisky. This was on February 21, 1934.

As appears from appellant's petition for an order directing the return to him of said whisky so seized, in April, 1934, a grand jury considered the offense, if any, of appellant and returned into court a "No bill," as to him. In presenting his petition to the district court for the return to him of the whisky, appellant was met by a pleading of the State taking issue with him, urging appellant's illegal possession of said whisky, and praying that an order be made by the court to whom the plea was presented, directing that the whisky be delivered to the State Board of Control as provided in article 5114, Rev. Civ. Stats. The trial court upon a hearing ordered the whisky sent to said State Board of Control. Appellant excepted and gave notice of appeal to our Court of Criminal Appeals, and is here seeking to have us take jurisdiction of his appeal.

His propositions are that a proper application of the provisions of Title 6, C. C. P. relating to search warrants for stolen propery, which he contends is in the nature of a criminal proceeding, would authorize this court to review the acts of the magistrate who failed to order the return to appellant of said whisky, and of the district judge who ordered the whisky sent to the State Board of Control. See article 329, C. C. P. and article 5114, Rev. Civ. Stats., 1925. Article 329, C. C. P. directs the disposition of property seized under a search warrant issued to search for stolen property, and does direct that if it develops that there was no good ground for the issuance of the warrant, the magistrate shall order restitution of the property, unless it be implements designed for forgery, counterfeiting or burglary, but there seems no provision in said statute or title for an appeal in such cases by anyone not satisfied with the order. True, article 691, P. C. dealing with warrants to search for intoxicating liquor, provides that in all proceedings relative to the application and execution of such warrant, there shall as near as may be conformity to the provisions of Title 6, C. C. P., but art. 692, id. provides specifically that the sheriff who either seizes liquor or to whom same is delivered after seizure

by some officer other than the sheriff,—shall retain same till it shall be disposed of by proper order of the district court of the county. In art. 691, id. it is also said that there shall be no replevin or other process to take such liquor from the custody of the officer. In art. 688, id. it is declared that all intoxicating liquors are a common nuisance. Certainly if whisky be property, the right to and disposition thereof in the absence of any contrary legislation, would seem to be in the civil courts. We see nothing in article 576, C. C. P., which affords appellant any relief. Same merely provides for the dismissal of the case and for the discharge of bail if no indictment be returned or information filed at the term of court next held after his commitment.

Appellant may be right in all his contentions as to the lack of jurisdiction of the Criminal District Court of Nueces County, but this court is compelled to conclude that it finds nowhere any legislative authority giving it jurisdiction to pass upon on appeal, any order or judgment made by either the magistrate, a district court or a criminal district court, in regard to what should be done with such whisky when no indictment is found, as in this case. As persuasive of the fact that this court has no jurisdiction see Russell v. State, 37 Texas Crim. Rep., 503; Russell v. State, 40 S. W. Rep., 69; Ex parte Firmin, 60 Texas Crim. Rep., 225. The jurisdiction of this court is fixed by section 5, art. 5 of our Constitution, and article 53 of our Code of Criminal Procedure.

Believing ourselves to be without jurisdiction in the matter, the appeal will be dismissed.

*Dismissed.*