

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 9, 1939

Hon. C. C. Fillmore
Assistant District Attorney
Wichita County
Wichita Falls, Texas

Dear Sir:

*overruled by WW 1437 where conflicts*

Opinion No. O-238
Re: Construction of Article 604 of
Penal Code

Your request for an opinion on the following questions:

"Under Article 604 of Penal Code, what court has jurisdiction of an application by complainant, seeking a hearing before the court or judge, for an order requiring the husband to contribute to support of wife and child?

"Is it the duty of the District Attorney to file the application in behalf of the complainant, for purpose therein set forth?"

has been received by this Department.

Article 604 of the Penal Code of the State of Texas reads as follows:

"The Court during its term, or Judge thereof in vacation after the filing of complaint against or after the return of indictment of any person for the crime of wife, or of child, or of wife and child desertion shall upon application of the complainant give notice to the defendant of such application and may upon hearing thereof enter such temporary orders as may seem just, providing for the support of deserted wives and children or both, pendente lite, and may punish for the violation of refusal to obey such order as for contempt. Acts 1913, p. 188; Acts 1931, 42nd Leg., p. 58, ch. 38, para. 1."

Article 602 of the Penal Code of the State of Texas makes the offense of wife and child desertion a felony.

Section 8 of Article 5 of the Constitution provides that the District Court shall have jurisdiction over divorce suits and over felonies. Said article further provides that the District Court shall have general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or the Constitution.

In the case of Ex Parte McWhorter, 45 SW (2nd) 977, cited by you in your brief, the appellant, McWhorter, and his wife were divorced, and upon her application and representation to the court that the appellant was able-bodied and had earning capacity, the District Court of Johnson County (in which the criminal indictment was also pending) made an order requiring the appellant to pay into court a certain sum per month for the support of his children. Upon refusal of appellant to comply with the order, the appellant (after due citation and inquiry) was held in contempt of court and the fine assessed against him. On application for a writ of Habeas Corpus to the District Judge of Johnson County, the application for discharge was denied. The Court of Criminal Appeals affirmed the judgment of the District Court.

In answer to your first question, and in view of the authorities cited above, you are respectfully advised that it is the opinion of this Department that the District Court has exclusive original jurisdiction of an application by complainant, seeking a hearing before the court or Judge, for an order requiring the husband to contribute to the support of his wife and child, under Article 604 of the Penal Code of Texas.

In regard to your second question, we deem the following authorities applicable:

Article 25 of the Code of Criminal Procedure provides as follows:

"Each district attorney shall represent the State in all criminal cases in the district courts of his district, except in cases where he has been, before his election, employed adversely. When any criminal proceeding is had before an examining court in his district or before a judge upon habeas corpus, and he is notified of the same, and is at the time within the county where such proceeding is had, he shall represent the State therein, unless prevented by other official duties."

Hon. C. Fillmore, February 9, 1939, Page 3

Gregory vs. State, 47 SW (2nd) 838. This case is cited by you in your brief. In this case, appellant was under indictment for child desertion. Pending the prosecution for child desertion, appellant's wife, in behalf of their child, asked that an order be made against appellant directing him to pay a certain sum each week for the support of the child. After proper notice to the appellant, the court entered an order, ordering appellant to pay a certain sum monthly for the support of said child. It was from this order that the appellant attempted to appeal to the Court of Criminal Appeals. The Court of Criminal Appeals held that while the order from which the appellant sought to appeal was ancillary to a criminal prosecution, the order itself could not be held to be a criminal case under the provisions of the Constitution, citing the case of Russell vs. State, 36 SW 1070, and dismissed the appeal for lack of jurisdiction. In its opinion, the court stated that if the appellant had refused to comply with the court's order and had been held in contempt therefor, and committed to jail for punishment, appellant could have sought relief by Habeas Corpus proceeding and, if denied the relief, the Court of Criminal Appeals would have jurisdiction to review the act of the lower court in the contempt proceeding, citing Ex Parte McWhorter, hereinabove referred to in this opinion.

It would appear from the above authorities that the filing of the application of the complainant to compel the husband to support, although ancillary to the criminal prosecution, is of a civil nature.

We are unable to find any authorities which would require the District Attorney to file such an application for complainant under Article 604 of the Penal Code of Texas.

Therefore, in answer to the second question, you are respectfully advised that is is the opinion of this Department that it is not the mandatory duty of the District Attorney to file the application in behalf of the complainant for the purpose therein set forth.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS