## LORANCE v. STATE.
### No. 13417.

Court of Civil Appeals of Texas.   Dallas.
May 7, 1943.

Rehearing Denied May 28, 1943.

O. H. Woodrow, of Sherman, for appellant.

Dwight Whitwell, Cr. Dist. Atty., of McKinney, Gerald C. Mann, Atty. Gen., and Geo. W. Barcus, Asst. Atty. Gen., for appellee.

LOONEY, Justice.

This controversy arose in the following manner: J. O. Lorance, charged by complaint filed in the County Court of Collin County with the illegal transportation of intoxicating liquors, plead guilty and paid the fine imposed. When arrested, Lorance was driving an automobile, carrying a case of whiskey. The arresting officer took charge of both the whiskey and automobile and held same subject to proper disposition under provisions of Article 666—44 of the Penal Code, Vernon's Annotated. After Lorance plead guilty, his mother, Mrs. L. A. Lorance, appellant herein, intervened in the proceedings, contending (1) that the County Court was without jurisdiction to order the automobile sold; and (2) that she owned the automobile, did not know it was being used, or would be used, by her son in the illegal transportation of intoxicating liquors, and prayed that it be restored to her. The State filed no answer to appellant's plea of intervention. Although she requested a jury and paid the necessary fee, the Court denied her request, and, after hearing evidence, concluded that appellant owned the automobile, but, having failed to show good cause why it should not be sold as provided in said Article of the Penal Code, ordered the sheriff to dispose of the car and after first paying costs and expenses of seizure and sale, to pay balance of proceeds to the Liquor Control Board of the State; to all of which, appellant excepted, gave notice of and perfected this appeal.

At the outset, we are confronted with two jurisdictional pleas—one by appellant, contending that the County Court was without jurisdiction, based on the theory that this is a suit by the State to recover penalties, forfeitures, etc., within the meaning of Sec. 8, Art. 5 of the Constitution, Vernon's Ann.St., hence the district court alone had jurisdiction of the subject-matter. The State contends that the order of the trial court, directing sale of the automobile, being part of the procedure provided by law for bringing an offender to justice, the appeal should have been to the Court of Criminal Appeals. For reasons which will be stated, we do not think either contention is correct.

Appellant voluntarily entered the County Court, set up her claim to the automobile, and alleged reasons why it should not be sold. Art. 666—44 made it the duty of the Court, upon the conviction of J. O. Lorance, to order the car sold, unless the owner should show good cause why that should not be done; in other words, the conviction of Lorance carried as part of the penalty, forfeiture of the car in so far as he was concerned, subject to the right of Mrs. Lorance, owner, to intervene and show good cause why her property should not be sold under the judgment of forfeiture. The statute provides that the vehicle, team, automobile, boat, aircraft, watercraft, or any other conveyance used in transporting liquor in violation of law, shall be seized and disposed of by the County Court, without reference to its value. That court had jurisdiction same as under other criminal statutes containing similar provisions for the confiscation and disposition of property used for illegal purposes; such a proceeding, in our opinion, is not a suit on behalf of the State to recover penalties, forfeitures or escheats, within the meaning of Sec. 8, Art. 5, of the Constitution. The decision in the case of Roberts v. Gossett, Tex.Civ.App., 88 S.W.2d 507, rules the question of jurisdiction under discussion. In that case, the owners of marble machines seized sought to enjoin the county attorney and sheriff from confiscating same on the theory that they were not gambling devices. The district court first granted a temporary writ, but on hearing dissolved the same and its judgment was affirmed by the Court of Civil Appeals holding that, the question whether the machines in fact were gambling paraphernalia, was a matter to be determined by the county court in the criminal prosecution, and that the owners had an adequate remedy at law and could be protected by trial of the issues in the court having possession of the machines.

Whether or not the provision of the statute under consideration giving the owner of property seized the right to intervene and show good cause is exclusive, we are not called upon to say, however, are of opinion that appellant, having availed herself of the remedy provided by statute, is bound by the result, therefore overrule her contention that the County Court was without jurisdiction to determine the issues presented in her plea of intervention.

The State contends, however, that the Court of Criminal Appeals alone has

jurisdiction of the appeal, in that, the order of court, directing the officer to sell the automobile, was merely an incident to the criminal prosecution. We cannot accept this theory. Appellant occupies a position wholly without the circumference of the criminal prosecution; she was not charged either as principal, accomplice or accessory to the unlawful act charged against her son. She became involved because her automobile was used by the culprit in the commission of the criminal offense, hence do not think her property should be forfeited and sold to satisfy the judgment of forfeiture against the offender unless she knew or had good reason to believe the car was being, or would be, used for the commission of the offense charged; such, in our opinion, was the issue presented in her plea of intervention in which she assumed the burden of showing good cause why her car should not be sold; in other words, assumed the burden of showing that in permitting the use of her car, she was without conscious guilt in the respect mentioned. It may be true, in a general sense, that appellant's plea of intervention, and the trial and judgment rendered thereon grew out of, or was an incident to, the criminal prosecution, yet we think it obvious that it was no part of or necessary to the finality of the prosecution.

■ "A 'criminal action' means the whole or any part of the procedure which the law provides for bringing offenders to justice; and the terms 'prosecution' and 'accusation' are used in the same sense." Citing Art. 24, P.C. Appellant's involvement was entirely without the scope of this definition; the forfeiture of her automobile was no part of the procedure designed to bring the offender to justice; its forfeiture and sale would add nothing to his punishment. If appellant's car is ordered sold, it must be based alone on her conscious guilt in permitting its use for an unlawful purpose,—a matter entirely aside from the criminal prosecution.

We do not think the cases cited by the State, based upon judgments forfeiting bail and appeal bonds in criminal cases (in which the court held judgments rendered were appealable alone to the Court of Criminal Appeals), are in point. It is obvious, we think, that the judgments appealed from in these cases were based upon the application of procedure provided by law for bringing offenders to justice within the meaning

of the definition of "a criminal action." See Jeter v. State, 87 Tex. 555, 26 S.W. 49.

The case of Gregory v. State, 120 Tex.Cr. R. 499, 47 S.W.2d 838, 839, in our opinion, is more directly in point. Gregory was under indictment for wilfully neglecting to support his minor child; the court entered an order, authorized by Art. 604, Vernon's Ann.P.C., requiring Gregory to pay into the registry of court a certain amount for the support of the child, from which Gregory appealed to the Court of Criminal Appeals. That Court declined jurisdiction, saying, among other things, that "While the order from which appellant seeks to appeal was ancillary to a criminal prosecution, the order itself cannot be held to be a criminal case under the provisions of the Constitution." Citing Russell v. State, 37 Tex.Cr.R. 503, 36 S.W. 1070.

■ The intervention filed by appellant, setting up good cause why her car should not be sold, presented issues involving a property right, for, if the order of sale is executed, all right, title and interest she has in and to the car will be extinguished. The Court of Criminal Appeals, in Franco v. State, 108 Tex.Cr.R. 450, 1 S.W.2d 612, 613, said: "We are without jurisdiction to try an issue involving the rights of property. * * *"

■ In regard to the nature of the proceedings and the question of jurisdiction under consideration, we think the decision of the Supreme Court in General Motors, etc., Corp. v. State, 118 Tex. 189, 12 S.W.2d 968, 970, decisive. That case arose under Art. 5112, Title 80, R.S.1925, which was repealed in 1935 at the 2nd C.S., 44th Leg. See Session Acts, c. 467, p. 1795. The repealing act constitutes the present Liquor Control Law (see Ch. 8, P.C.), and Sec. 44 of the repealing act is now Art. 666—44, P.C., and takes the place in the present law occupied by Art. 5112 in the repealed statute. These Articles, that is, Art. 5112, the basis of the Supreme Court's decision, and Art. 666—44 of the present law, were designed to afford the same relief to owners and lienholders, innocent of any complicity in the violation of law; although prescribing somewhat different procedure, the nature of the proceeding under both statutes, that is, whether civil or criminal, obviously is the same. An automobile being used in transporting liquor in violation of law was seized and, as provided in Art. 5112 of the former law, proceedings were begun to con-

demn same as a public nuisance. General Motors, etc., Corporation, an innocent lienholder, intervened. From an adverse decision, an appeal was prosecuted to the Court of Civil Appeals, and the case reached the Supreme Court on certified questions. Speaking for the Supreme Court, among other things, Judge Nickels said: "Manifestly, the seizure, sale, etc., are provided by way of penalty for the crime of 'unlawful transportation or storage of intoxicating liquor.' And, in our opinion, there is lack of all warrant for a supposition that a person who is entirely innocent of commission or complicity in the offense is to be punished by forfeiture of his property. * * * The mortgagee, General Motors Acceptance Corporation, intervened and prayed that it be allowed 'recovery of the car or judgment against the proceeds in the amount of its debt', etc. We perceive no ground for doubting propriety of the intervention." The consideration of this case by the Court of Civil Appeals and by the Supreme Court implies, we think, an adjudication that it was civil in nature and not appealable to the Court of Criminal Appeals. We therefore overrule the State's contention that this case was appealable to the Court of Criminal Appeals.

■ Appellant was denied a jury trial and assigns error. The State contends, however, that the court did not err in refusing appellant a jury trial, in that, under the provisions of the Liquor Control Act, it was the duty of the court, upon convicting the party charged with illegally transporting intoxicating liquor, as a matter of administrative procedure, to order the vehicle sold. Doubtless this would be correct as to the party convicted of the criminal offense, but, in our opinion, is not applicable to appellant. She was not involved in the criminal prosecution, simply intervened and offered to show good cause why her vehicle should not be sold under the judgment convicting another party. The statute, in our opinion, settles the question; it provides Art. 666—44, P.C., that on conviction of the party charged, the court shall order the disposition of the liquor seized, "and unless good cause to the contrary is shown by the owner," an order shall be entered for sale of the property at public auction. At another place, the statute states: "If, however, no one shall be found claiming" the vehicle, the same shall be advertised in the manner prescribed and if no claimant shall appear within ten days after the advertisement, the property shall be sold, etc. Thus it appears that after the party charged with the criminal offense is convicted and before sale of the vehicle, the owner may intervene and show "good cause" why the vehicle should not be sold under the judgment against the party charged with the criminal offense. In order to show good cause, the burden was upon the claimant to establish title (admitted in the instant case) and free herself of any imputation of guilty participation in the commission of the crime, that is, was neither an actor in, nor aider or abettor of the violation. These were issues of fact, the determination of which, in our opinion, was judicial in nature and in no sense matters of administrative procedure. Because of the error of the court in refusing appellant's request for a jury, the case will be reversed and remanded, hence no comment will be made upon the sufficiency, whether or not, of the evidence.

Reversed and remanded.