## STATE OF TEXAS V. WILSON GRAY.

No. 8157. Decided November 24, 1943.
(175 S. W., 2d Series, 224.)

*Elmer H. Parish,* and *W. T. Locke,* both of Wichita Falls, for petitioner.

There being evidence in the record to support the trial court's judgment, and there being no showing that that court abused its discretion, it was error for the Court of Civil Appeals to reverse and render judgment in this case. Moore v. Adams, 91 S. W. (2d) 447; Houghton v. Fox, 93 S. W. (2d) 781; Adams v. Antonio, 88 S. W. (2d) 503.

*McDonald & Anderson,* of Wichita Falls, for respondent.

MR. JUDGE BREWSTER, of the Commission of Appeals delivered the opinion for the Court.

This is an action by the State of Texas to destroy seven slot machines as gambling devices exhibited in violation of the penal code. Asserting ownership of the machines, the respondent, Wilson Gray, intervened on the ground that they were not being so exhibited when seized by the sheriff. A trial before the district judge without a jury resulted in an order that the ma-

chines be destroyed and that the money found in them be paid into the general fund of the county. That order was reversed and the cause rendered by the Court of Civil Appeals at Fort Worth, Chief Justice McDonald dissenting. 172 S. W. (2d) 722, 727.

Although there are several points of error assigned, the appeal turns on the question as to whether the state proved that the machines were being exhibited by Gray as gaming devices at the time they were seized, as adjudged by the trial court, it being Gray's contention that they were then on storage. The Court of Civil Appeals held there was no evidence "of probative value to support the court's finding that the machines were being exhibited" to obtain bettors. That holding presents the precise question we have to decide.

■ This is a civil action. Franco v. State, 108 Texas Cr. Rep. 450, 1 S. W. (2d) 612. With Gray asserting a property right in the machines, the issue was triable "as in ordinary civil cases." Art. 638, P. C., 1925. Hence, although there was essentially involved in the hearing before the trial judge the question as to whether Gray had committed the offense of exhibiting slot machines for the purpose of gaming, under Art. 619, ibid., it had to be determined only from a preponderance of the evidence, not beyond a reasonable doubt. Heiligmann v. Rose, 81 Texas, 222, 16 S. W. 931, 13 L. R. A. 272, 26 Am. St. Rep. 804; Corporation of Royal Exchange Assurance Co. of London v. Puckett (Civ. App.), 246 S. W. 705; 32 C. J. S., p. 1050, sec. 1020 b.

■ A summary of the testimony supporting the affirmative of the issue appears in Chief Justice McDonald's dissenting opinion, as follows:

"The evidence supporting such finding is that Gray was the owner of the machines; he carried a key to the room in which they were located and evidently had the right of access to the room; the machines were filled with money (there is evidence that it took $400.00 to fill the 'jackpots') ; Gray had paid a substantial sum, $360.00, for the license fees; the room was locked before the license fees were paid, but was found unlocked a few hours later; the machines were lined up against the wall, facing toward the center of the room; the room was small, but was large enough for a person to stand in front of each machine in order to play it; when the deputy sheriff arrived a woman was found playing the machines, coins fell out of it in the presence of the officer, and the woman testified that she won $15.00 on that occasion; * * * that she had played the machines

once or twice before, and further testified that she had also seen them in the bar room; and she was obviously evasive when questioned about seeing other people playing the machines upon other occasions * * * The machines were insalled in the Club, the license fees had been paid, they had money in them, the room was unlocked, and they were in actual operation."

In addition to that evidence, the trial judge was authorized to take into consideration the fact that Gray did not testify, not only as strengthening the probative force of the testimony offered to establish the issue, but as of itself clothed with some probative force. Hazelrigg v. Naranjo (Civ. App.), 184 S. W. 316 (er. ref.). And see Pullman Co. v. Cox, 56 Texas Civ. App. 327, 120 S. W. 1058; Jeter v. State (Civ. App.), 171 S. W. (2d) 192 (er. ref. want of merit); Walker v. State, (Civ. App.), 173 S. W. (2d) 741; 17 Tex. Jur., p. 308; 31 C. J. S., p. 860, sec. 156 d. With these circumstances in the record, we think the Court of Civil Appeals erred in holding there was no evidence of probative force that Gray was exhibiting the machines when they were seized.

■ In the Court of Civil Appeals Gray assigned error in the judgment of the trial court on the ground that "the overwhelming preponderance of the evidence conclusively shows" that the machines were not being exhibited to obtain bettors. Thereby he challenged the sufficiency of the evidence, a question exclusively for the determination of the Court of Civil Appeals. Since that court held there was no evidence on that issue, we must assume that, had they reached the assignment, they would have held the evidence insufficient and would have remanded the case for a new trial. So we are obliged to remand it. Liberty Film Lines, Inc., v. Porter, 136 Texas, 49, 146 S. W. (2d) 982; Lowrey v. Andrson-Berney Bldg. Co., 139 Texas, 29, 161 S. W. (2d) 459.

The judgments of the Court of Civil Appeals and the district court are both reversed and the cause is remanded to the districe court for a new trial.

Opinion adopted by the Supreme Court November 24, 1943.