### EX PARTE CHESTER LELAND BURROW.

No. 25207. March 7, 1951.

*Bracewell & Wright,* Huntsville, for relator.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Relator has filed his application for discharge from the penitentiary in which he alleges that he is being held by reason of six judgments against him, assessed by the district court of Wilson County in Causes No. 3338, 3339, 3340, 3341, 3342 and 3343.

In the first three cases of the numbers set out it is shown by the evidence furnished us by the district judge of Wilson County, upon request, that the relator was charged with theft of chickens of the value over $50.00. Apparently the proceeding was had under the theory that this charged a general theft of property of the value of more than $50.000 as defined by Article 1421 of the Penal Code. The indictment in each of the cases, however, was brought under Article 1442-b Vernon's Ann. P.C. for the theft of chickens.

The value of the alleged property is immaterial. There being a special statute on the subject, resort cannot be had to the general statute in the manner shown by the record. See Article 1423 of the Penal Code. This is made very clear in the case of Lee v. State, 115 Texas Crim. Rep. 429, 28 S.W. 2d 559. It follows, then, that because of the excessive penalty in each of the three foregoing cases the judgments against him are void.

In Causes No. 3341, 3342 and 3343 valid judgments assess penalties of two years each, which ran concurrently.

It is further shown, in accordance with the pleadings filed in this cause, that relator entered his plea of guilty in the district court of Bexar County on the 31st day of October, 1949, in Cause No. 5119, and was assessed a penalty for theft of chickens of two years which should begin to run on the 2nd day of September, 1949. The prison record furnished by the general manager of the penitentiary shows that relator has served in excess of two years, including the good time allowed him.

Finding from the record that all of the valid judgments of two years each have run concurrently; that he has served more than two years including the good time with which he is credited; and upon the finding that all of the five year sentences against him, as shown by the corrected judgments from Wilson County, are void; relator is entitled to his release. It is there-

fore ordered that he be released from the state penitentiary so far as he is being held by reason of the judgments and sentences herein discussed.