

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 15, 1960

Honorable L. T. Wilson
District Attorney
30th Judicial District
Wichita County Courthouse
Wichita Falls, Texas

Dear Mr. Wilson:

Opinion No. WW-936

Re: Construction of Article 602, Penal
Code of Texas, as amended in 1959,
Article 602-A and Article 604, Penal
Code of Texas, pertaining to Wife
and Child Desertion.

You have asked this office to construe the following articles of the
Penal Code of Texas, Article 602 as amended in 1959; Article 602-A; and
Article 602; all of which pertain to the offense of Wife and Child Desertion,
and you have asked the following questions:

1. If a husband was living in another state at the
time that such amendment became effective on August
10, 1959, and at such time had been failing to
support his wife and/or children, is he guilty of
a felony?

2. If after August 10, 1959, he goes to another state
but supports his wife and/or children for a time
and then fails to support them, is he guilty of a
felony?

3. If a husband and wife are non-residents and the wife
and/or children come to Texas either as the result
of a divorce or separation and the husband fails and
refuses to support them, is he guilty of a felony?

4. Should the pendente lite hearings as authorized by
Article 604, Penal Code of the State of Texas, where
the defendant has not been previously convicted of
Child Desertion be heard by the County Attorney or
the District Attorney?

5. Should such pendente lite hearings in view of Article
1970-166a and 166b be heard by the County Court or the
District Court?

Prior to the 1959 amendment, Article 602, Penal Code, read as follows:

"Any husband who shall willfully desert, neglect, or refuse to provide for the support and maintenance of his wife who may be in necessitous circumstances, or any parent who shall willfully desert, neglect or refuse to provide for the support and maintenance of his or her child or children under sixteen years of age, shall be confined in the penitentiary for not more than two years, or be confined in jail for not more than six months, or fined not less than Twenty-five ($25.00) Dollars nor more than Five Hundred ($500.00) Dollars, or be punished by both such fine and imprisonment in jail.  Acts 1913, p. 188, Acts 1929, 41st Leg., p. 427, ch. 195, Sec. 1; Acts 1931, 42nd Leg., p. 479, ch. 276, Sec. 1." [Emphasis added]

In 1959, the 56th Legislature amended Article 602, Penal Code, to read as follows:

"Any husband who shall willfully desert, neglect or re- fuse to provide for the support and maintenance of his wife who may be in necessitous circumstances, or any parent who shall willfully desert, neglect or refuse to provide for the support and maintenance of his or her child or children under eighteen years of age, shall be guilty of a misdemeanor, and upon con- viction, shall be punished by confinement in the County Jail for not more than two years.   As amended Acts 1959, 56th Leg., p. 504, ch. 222, Sec. 1." [Emphasis added]

As a part of the same 1959 Act, Article 602-A, Penal Code was also enacted, which reads as follows:

"Any husband who has been convicted of the misdemeanor offense of deserting, neglecting or refusing to provide for the support and maintenance of his wife who may be in necessitous circumstances, or any parent who has been convicted of the mis- demeanor offense of deserting, neglecting or refusing to provide for the support and maintenance of his or her child or children under eighteen years of age, and who shall thereafter willfully desert, neglect or refuse to provide for the support and mainte- nance of his or her child or children under eighteen years of age, shall for each and every subsequent such violation be guilty of a felony; any husband who shall willfully desert, neglect, or refuse to provide for support and maintenance of his wife who may be in necessitous circumstances, or any husband who shall willfully desert, neglect or refuse to provide for the support and maintenance of his child or children under eighteen years of age, and who shall desert said wife or children by going into some other state, shall be guilty of a felony; and upon conviction shall be punished by confinement in

the County Jail not less than ten days nor more than two years, or by confinement in the State Penitentiary for not more than five years.  Added Acts 1959, 56th Leg., p. 504, ch. 222, Sec. 1."  [Emphasis added]

On and after August 10, 1959, the offense of Wife and/or Child Desertion became a misdemeanor offense under Article 602, Penal Code.  The felony offense of Wife and/or Child Desertion under Article 602-A, Penal Code, may be committed in two ways:

1.  A subsequent commission of the offense of Child Desertion by one, who, as a husband, prior to the commission of such subsequent offense, has been convicted of the misdemeanor offense of Wife Desertion; or, who, as a parent, prior to the commission of such subsequent offense, has been convicted of the misdemeanor offense of Child Desertion;

2.  The offense of Wife and/or Child Desertion by a husband, coupled with the aggravating circumstance of deserting said wife or children by leaving the State of Texas and by going into some other state.

Bear in mind that every offense of Wife and/or Child Desertion will be a misdemeanor under Article 602, Penal Code, and will be tried as a first offense, regardless of the number of prior convictions of the same offense, unless the indictment charges a prior conviction, or charges the aggravating circumstances of leaving the State of Texas and going into some other state, so as to make the offense a felony and bring it within the provisions of Article 602-A, Penal Code.

Article 13, Penal Code, reads as follows:

"When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for an offense committed before the second shall have taken effect.  In every case the accused shall be tried under the law in force when the offense was committed, and if convicted punished under that law; except that when by the provisions of the second law the punishment is ameliorated he shall be punished under the second unless he elect to receive the penalty prescribed by the law in force when the offense was committed."

Article 14, Penal Code, reads as follows:

"When by the provisions of a repealing statute a new penalty is substituted for an offense punishable under the law repealed, such repealing statute shall not exempt from punishment a person who has offended against the repealing law while it was in force, but in such cases the rule prescribed in Article 13 shall govern."

Note that the old law was applicable to desertion of a child or children under sixteen years of age, whereas under the 1959 amendment such offense is applicable to a child or children less than eighteen years of age.

Under Article 602, Penal Code, prior to the 1959 amendment, the offense was what is sometimes termed a "mixed felony," that is, it provided for a possible penitentiary sentence, or in the alternative a jail sentence or a fine, or a combination of fine and jail sentence. Under Article 602, Penal Code, as amended in 1959, the offense became a misdemeanor, punished by jail sentence only. The minimum sentence under Article 602, P. C., as amended, is 10 days in the County Jail, whereas under Article 602, P. C., prior to the amendment, there was no minimum. However, the punishment under the 1959 amendment has been ameliorated, since neither a penitentiary sentence nor a fine is now prescribed, and Article 602-A, P. C., is a felony as compared to the present Article 602, P. C., which is a misdemeanor. Hall v. State, 111 Tex. Crim. 381, 12 S.W. 2d 1024 (1928); Kendall v. State, 55 Tex. Crim. 139, 114 S.W. 833 (1908); Sheppard v. State, 145 Tex. Crim. 99, 166 S.W. 2d 346 (1942); Lee v. State, 115 Tex. Crim. 429, 28 S.W.2d 559 (1930).

The statement in your first question presumes that the Defendant will be charged with the offense of Wife and/or Child Desertion, with the date of the alleged offense fixed at some date prior to August 10, 1959. If the alleged offense is desertion of a child or children who has or have reached his or their 16th birthday on the date of the alleged offense, and the date of the alleged offense is prior to August 10, 1959, then the defendant cannot be convicted under the old law because such law was applicable only to desertion of children under sixteen years of age, and he cannot be convicted under the new law since it was not effective until August 10, 1959. Article 10, Penal Code.

With the above explanation of special conditions, we answer your First Question by saying that such an offense should be charged as a misdemeanor, since the defendant is entitled to the benefits of the lesser possible punishment, as provided in Article 13, Penal Code. The case can only be raised to a felony by the defendant electing to be tried under the old law, and the defendant cannot make an election until he has been charged and arrested. As a matter of convenience, it is recommended that in this special type situation, that the matter be handled through the grand jury by way of indictment, even though we hold the offense to be a misdemeanor. This is for the reason that if the defendant be charged by complaint and information he may elect to be tried under the old law (which is a felony), for the purpose of delay or for other reasons, leaving the state without an indictment upon which to proceed. If returned into the district court as a misdemeanor indictment, such indictment would of course be transferred from the district court to the county court; and if the defendant thereafter elected to be tried under the old felony law (Article 602, P. C., prior to the 1959 amendment), the case would be retransferred back to the district court.

Your Second Question raises the issue of whether or not the offense could be raised to a felony by deserting said wife and/or children by leaving the state,

so as to bring the offense within the provisions of Article 602-A, Penal Code. The intent to desert must concur with the act of leaving the state in order to bring the case within the provisions of Article 602-A, Penal Code. 12 Tex. Jur. Section 31, and cases cited therein. Under the facts set forth in your letter, we hold, in answer to your Second Question, that the offense would be a misdemeanor under Article 602, Penal Code.

In answer to your Third Question, we hold that the offense would be a misdemeanor, since under the facts set forth in your letter, the husband has never left the State of Texas; in fact, he has never been in Texas so as to be able to leave it.

At the time Article 604, Penal Code was enacted, there was only one offense of Wife and/or Child Desertion, Article 602, Penal Code, before the 1959 amendment. Such an offense was then a felony. Article 604, Penal Code, which was not changed by the 56th Legislature, reads as follows:

> "The Court during its term, or Judge thereof in vacation after the filing of complaint or after the return of indictment of any person for the crime of wife, or of child, or of wife and child desertion shall upon application of the complainant give notice to the defendant of such application and may upon hearing thereof enter such temporary orders as may seem just, providing for the support of deserted wives and children or both, pendente lite, and may punish for the violation or refusal to obey such order as for contempt. Acts 1913, p. 188; Acts 1931, 42nd Leg., p. 58, ch, 38, Sec. 1."

In 1939, the Attorney General's Department in Opinion No. 0-238 held that the District Court had exclusive jurisdiction to hear an application of complainant for support pendente lite under Article 604, P. C., and that since the action was civil in nature, although ancillary to criminal prosecution, there was no authority to require the District Attorney to file such application for the complainant. Opinion No. 0-238, cited Gregory v. State, 120 Tex. Crim. 499, 47 S.W.2d 838 (1932). At the time such opinion was written, the offense of Wife and/or Child Desertion (Art. 602, P. C., prior to the 1959 amendment) was a felony, and could only be tried in the district court. Wife and/or Child Desertion is now a misdemeanor, and under certain circumstances, as discussed above, is a felony. The District Court has exclusive jurisdiction in all felony cases. Section 8, Article V., Constitution of Texas. Except in those counties where the original criminal jurisdiction of the County Court has been by statute vested in some other court, this type of misdemeanor would fall within the jurisdiction of the County Court. Section 16, Article V., Constitution of Texas. In Gregory v. State, supra, it was held that the order for support pendente lite was only interlocutory in nature, and ancillary to the criminal prosecution. Only the court in which the main case is pending can issue an ancillary, interlocutory order. We hold, therefore, in answer to your Fourth

Question, that under the facts stated in your letter, the case would be a mis-
demeanor; and as such, the main case would be pending in the County Court (ex-
cept where the original criminal jurisdiction of the County Court had been
changed by statute, and vested in some other court).  The County Attorney, where
such office exists in a county, is charged by law with prosecuting all misde-
meanor cases in the County Court.  However, we have examined the Constitution
of Texas, the civil statutes and the Code of Criminal Procedure, with respect to
the duties of the County Attorney, and do not find any duty imposed on the County
Attorney to represent the complainant at the pendente lite hearing provided for
in Article 604, P. C., since such hearing is civil in nature.

By the Acts 1933, 43rd Legislature, Special Laws, p. 86, ch. 65, Section
1-A, now found in Vernon's Annotated Civil Statutes of Texas as Article 1970-
166a, the County Court of Wichita County at Law was abolished, and all matters
and causes, civil and criminal, original and appellate, were transferred to the
County Court of Wichita County.

By the Acts 1935, 44th Legislature, p. 113, ch. 40, now known as Article
1970-166b, V.A.C.S. of Texas, the County Court of Wichita County was left with
its general criminal jurisdiction, both original and appellate, and the general
jurisdiction of Probate Courts, but was deprived of its civil jurisdiction.  The
jurisdiction "in all matters and cases of a civil nature" formerly conferred upon
the County Court of Wichita County was by this Act conferred on the District
Courts of Wichita County.  While it is true that Gregory v. State, supra, holds
that a hearing under Article 604, P. C., is civil in nature, it also holds that
the remedy thereunder is ancillary to the main case.  King & King et al v. Porter
et al, 113 Tex. 198, 252 S.W. 1022.  In Simmang v. Pennsylvania Fire Insurance
Company et al, 102 Tex. 39, 112 S.W. 1044, the plaintiff Simmang recovered a
judgment against one Geise for about $600.00, an amount within the concurrent
jurisdiction of the district court.  The insurance company owed Geise on a fire
policy the sum of $314.20.  Simmang then sued out a writ of garnishment against
the insurance company in the same district court where he had obtained the judg-
ment for $314.20, an amount within the exclusive jurisdiction of the county court.
The Supreme Court of Texas in the Simmang case stated at page 1045:

> "The garnishment proceeding is not an original suit, but
> ancillary to the judgment of the district court, . . .  Therefore,
> the garnishment could not have been sued out from any other court
> than that in which the judgment was rendered."

Article 604, Penal Code, was enacted so that the court where the case is
pending shall have the power to hold the hearing for support pendente lite, and
such hearing is an ancillary proceeding.  We hold, therefore, in answer to your
Fifth Question, that where the case is a misdemeanor pending in the County Court
of Wichita County, only that court has the power to hold the hearing and issue
the orders for temporary support contemplated by Article 604, Penal Code.

## SUMMARY

1.  A husband living in another state at the time of the 1959 amendment to Article 602, P. C., and who had been failing to support his wife and/or children prior to the amendment should be charged with a misdemeanor, since he is entitled to the benefits of the lower penalty prescribed by the amendment.

2.  A husband, who, after Article 602-A, P. C., became effective in 1959, goes to another state, but supports his wife and/or children for a time and subsequently fails to support them, should be charged with a misdemeanor under Article 602, P. C., since he did not desert his wife and/or children by leaving the state, in order to make his offense a felony under Article 602-A, P. C.

3.  A husband, who fails to support his wife and/or children, but who is a non-resident, but whose wife and/or children move to Texas after a divorce or separation, and which husband continues to fail to support such wife and/or children, should be charged with a misdemeanor under Article 602, P. C., since he did not desert his wife and/or children by leaving the state, in order to make the offense a felony under Article 602-A, P. C.

4.  Where the Wife and/or Child Desertion case is pending in the County Court, the pendente lite hearing authorized by Article 604, P. C., will be heard by such County Court, but the County Attorney has no duty to represent the claimant.

5.  The pendente lite hearing authorized by Article 604, P. C., is civil in nature, and although the civil jurisdiction of the County Court of Wichita County has been transferred by Article 1970-166b V.A.C.S.T. to the District Court of Wichita County; nevertheless, if the main case is pending as a misdemeanor in the County Court of Wichita County, such county court has exclusive jurisdiction to conduct such hearing, since the hearing is ancillary to the main case.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: RILEY EUGENE FLETCHER
Assistant

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

C. Dean Davis
Robert G. Scofield
Elmer McVey
Gordon Cass

REVIEWED FOR THE ATTORNEY GENERAL
BY:   Leonard Passmore