The STATE of Texas, Appellant,

v.

Ramon A. BENAVIDEZ and 32 Bottles of Beer, Appellee.

No. 5532.

Court of Civil Appeals of Texas.

El Paso.

April 18, 1962.

Rehearing Denied May 9, 1962.

Stephen L. Haley, County Atty., Seminole, for appellant.

Arthur G. Smith, Seminole, for appellee.

CLAYTON, Justice.

This case is an appeal from an order of the District Court of Gaines County, Texas denying an application of the State of Texas for the forfeiture and disposition under the Texas Liquor Control Act of 32 bottles of beer containing 32 ounces each. Suit was brought under the provisions of Vernon's Annotated Penal Code, Article 666–42(b) of said Act.

On the trial before the court without a jury the parties entered into a stipulation which served as a Statement of Facts (Rule 263, Texas Rules of Civil Procedure). In substance, this stipulation was as follows:

In February, 1961 the defendant Benavidez was acquitted by a jury in the County Court of Gaines County of a criminal charge of unlawful possession of beer in a dry area (Gaines County) for the purpose of sale. Subsequently the forfeiture suit was filed in the District Court against Benavidez and the identical bottles of beer which had been seized. The stipulation of the parties further recited that the evidence produced by the State and the defendant would be the same as in the criminal case, that is, that the State would again offer evidence to the effect that the defendant unlawfully possessed beer for the purpose of sale in a dry area and the defendant would again offer evidence that he owned the beer in controversy and that he possessed it, not for sale, but for his personal consumption; and that the District Court admitted in evidence the judgment of acquittal entered in the County Court over the objection of the State, and denied the forfeiture, holding "that forfeiture in such cases may be predicated only upon a conviction of the Defendant". The State appealed.

In the first point of error the State urges that the trial court erred in allowing the introduction of the judgment of acquittal entered in the County Court. In the State's second point of error it is contended that the trial court erred in holding that forfeiture in the case before it could be predicated only upon a conviction of the defendant. These

points, being interrelated, will be discussed together.

27 A.L.R.2d 1140, ¶2, recites:

"Proceedings for the forfeiture of property which was allegedly the subject matter of or used in a criminal transaction giving rise to a right of forfeiture have, in a number of cases, been held barred as against a claimant who showed that, in a previous criminal prosecution, he was acquitted of the same criminal acts relied upon to justify the forfeiture",

citing Coffey v. United States (1886), 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684, (no Texas cases cited). However, 27 A.L.R.2d at page 1142 further states that the rule in the Coffey case "has been severely criticized or ignored in a number of cases refusing to give the prior acquittal the effect of a bar in the forfeiture proceedings, the courts either limiting the Coffey case strictly to its facts or rejecting it in toto." Under this annotation the only Texas decision cited was that in Stewart et al. v. State, 244 S.W.2d 688 (Civ.App., error ref.). However, the Stewart case is not applicable here, since there was no mutuality of parties in the criminal transaction and the forfeiture proceedings, nor was the subject matter the same.

McCormick and Ray on Evidence, second Edition, "Exceptions to Hearsay Rule", ¶ 1279, pps. 149–150, contains this statement:

"As a general rule a judgment in a prior case determining issues of fact will not be received as evidence of those facts in a later suit. This rule of exclusion has been consistently followed by Texas courts. Strange as it may seem, the courts have applied here the principles of res judicata and estoppel by judgment, i. e., the former judgment is to be received only when the parties to the present case are the same as in the earlier suit or are claiming under them; and when received are conclusive of the issues. If the situa-

tion is not one for the application of res judicata or estoppel by judgment then the former adjudication is not admissible. Many of the cases have involved the offer of a judgment of conviction of a crime against the convicted person in a civil suit, as evidence of the fact that he committed the crime charged, and the Texas courts have rejected the evidence."

We believe that the cases rejecting such evidence will be found to be cases in which there is not mutuality of parties, or of subject matter, or both.

A somewhat different statement of Texas law appears in 17 Texas Jurisprudence, "Evidence—Civil Cases"—p. 575, ¶ 238:

"Where both a civil suit and a criminal prosecution are based on the same transaction, *a plea of guilty* by the Defendant in the criminal prosecution, or a judgment of conviction *based on such a plea,* is admissible against him as an admission in the civil suit * * *" (Emphasis supplied).

This rule was applied in the late case of White v. State of Texas, 329 S.W.2d 446 (Civ.App., 1959). We consider this rule to be based upon a judicial admission or admission against interest (the plea of guilty) and we believe this to be the law of this State where there is a plea of guilty, even though there be a diversity of parties.

█ The Texas rule as to the admissibility in a civil action of an acquittal or conviction in a prior criminal action based on a plea of not guilty is far from clear, especially so where there is a diversity of parties in the two actions, even though the actions grew out of the same transaction. We hold the instant case to be a civil proceeding, even though it is based upon provisions of Article 666–42 of the Texas Liquor Control Act which are incorporated in Volume 1A of the Texas Penal Code. This Article, relative to suit for forfeiture under the Act, provides:

"Notice of pendency of such suit shall be served on any person found in possession of the beverages or property at the time of seizure in the manner prescribed by law and the case shall proceed to trial *as other civil cases*" (Emphasis added).

█ We now examine the facts of the instant suit, as set out in the stipulation of the parties or "agreed case". Here there is a complete mutuality of parties, the State of Texas being the prosecutor in the criminal case and the Plaintiff in the forfeiture proceedings, and the Defendant being the same person in both actions. The subject matter is the same: The alleged unlawful possession by the Defendant of beer in a dry area, the same beer as that sought to be forfeited to the State in the civil action. The testimony, if reproduced, would have been the same on the part of the State and of the defendant. The ultimate fact to be established by the State (and denied by the defendant) is the same, i. e., that the beer was an "illicit beverage" as defined in Article 666–3a(4) of the Texas Liquor Control Act. If it was an illicit beverage it was subject to seizure and forfeiture under the provisions of Article 666–42(a) and (b) of the Act. If it was not an illicit beverage it was not subject to seizure and forfeiture. When this issue is joined by the parties it can only be resolved in a trial on the merits. In just such a trial in the County Court of Gaines County a jury found the defendant not guilty of unlawfully possessing the beer for the purpose of sale in a dry area as had been charged in the complaint and information. We are therefore drawn to the inescapable conclusion that the beer was not possessed in violation of the Liquor Control Act and therefore was not an illicit beverage, and that the issue was res judicata and estoppel by judgment as between the parties. We further hold, in line with the above, that the District Court properly admitted in evidence the judgment of acquittal entered in the County Court. Appellant's Point I is overruled.

Appellant's Point II, asserting that the trial court erred in holding that forfeiture "in such cases" may be predicated only upon a conviction of the defendant, is likewise overruled, our opinion in this respect being limited to the facts of the instant case.

The judgment of the trial court is affirmed.