The STATE of Texas, Petitioner,

v.

Ramon A. BENAVIDEZ and 32 Bottles of Beer, Respondent.

No. A–9081.

Supreme Court of Texas.

Feb. 6, 1963.

Will Wilson, Atty. Gen., Austin, Charles R. Lind, Sam R. Wilson, Norman V.

Suarez and Paul Phy., Asst. Attys. Gen., Stephen L. Haley, County Atty., Seminole, for petitioner.

Arthur G. Smith, Seminole, for respondent.

HAMILTON, Justice.

This is an action brought by the State of Texas to forfeit 32 bottles of beer alleged to be "illicit beverages" under the Texas Liquor Control Act, Article 666–42, Vernon's Annotated Texas Penal Code. Defendant Benavidez (respondent here) was tried in the county court of Gaines County for the crime of possessing alcoholic beverages in a dry area for the purpose of sale. The jury in that case found respondent not guilty and the county court rendered a judgment of acquittal. Thereafter, the State brought this suit in the district court of Gaines County to declare a forfeiture of the beer. Respondent's defensive pleadings in the forfeiture suit included a plea in bar, in support of which respondent introduced the county court judgment of acquittal. When the State's objection to the introduction of the county court judgment was overruled, the State and respondent entered into an agreed statement in which the parties stipulated the county court judgment and that both would introduce the same evidence as that adduced at the criminal trial on the issue of whether defendant possessed the liquor for purpose of sale or for private consumption. The district court sustained the plea in bar, stating " * * * the court being of the opinion that forfeiture in such cases may be predicated only upon a conviction of the defendant, the State's application for forfeiture is in all things denied and refused * * *." The case was dismissed without trial on the merits. The Court of Civil Appeals has affirmed. 356 S.W.2d 845.

The State contended in the Court of Civil Appeals that the trial court erred (1) in holding that the county court judgment of acquittal was admissible and (2) in hold-

ing that the county court judgment was a bar to the forfeiture suit. The respondent's theory of the case is that the forfeiture proceeding is in fact criminal in nature, though civil in form, and that bar by prior acquittal operates.

The Court of Civil Appeals devoted most of its opinion to the question of admissibility of the county court judgment in the district court forfeiture proceeding, holding it to be admissible and summarily holding that it operates as a bar by res judicata or estoppel by judgment. The Court of Civil Appeals overruled respondent's contention that the forfeiture is criminal in nature. The State of Texas is petitioner. Both parties make essentially the same arguments in this court as made in the Court of Civil Appeals.

Article 666–4(b) of the Texas Liquor Control Act provides:

"(b) It shall be unlawful for any person in any dry area to * * * possess for the purpose of sale, * * * any liquor, * * * beer or ale. * * *"

Article 666–3a (4) of the Act defines "illicit beverage" as:

"(4) 'Illicit Beverage' shall mean and refer to any * * * alcoholic beverage possessed, * * * with intent to manufacture, sell, * * * in violation of the provisions of this Act."

Article 666–42 authorizes seizure, forfeiture and sale:

"(a) All illicit beverages as defined by this Act * * *, may be seized * * *.

"(b) It shall be the duty of the Attorney General, the District Attorney, and the County Attorney, or any of them * * * to institute a suit for forfeiture of such alcoholic beverages and property, such suit to be brought in the name of the State of Texas against such beverages and property in any court of competent jurisdiction in the county wherein such seizure was

made. Notice of pendency of such suit shall be served on any person found in possession of the beverages or property at the time of seizure in the manner prescribed by law and the case shall proceed to trial as other civil cases. * * * If upon the trial of such suit it is found that the alcoholic beverages are illicit, * * * then the court trying said cause shall render judgment forfeiting the beverages and property to the State of Texas and ordering the same disposed of as provided for by Section 30 of this Article, * * *."

Thus a finding on the fact issue as to whether or not the respondent possessed the beer for the purpose of sale defines both criminal liability (Art. 666–4) and an "illicit beverage" for purposes of forfeiture under Article 666–42.

■■■ There are but two grounds upon which respondent's plea in bar can be sustained: first, bar by prior acquittal. By the express terms of Article 666–42(b) the forfeiture proceeding is made a civil action; suit is brought in the name of the State of Texas against the beverage and not against the owner or possessor. Furthermore, the Texas cases have uniformly held that such forfeiture actions are civil suits. State v. Gray, 141 Tex. 604, 175 S.W.2d 224; State v. Meyers, 328 S.W.2d 321 (Tex.Civ.App. 1959) writ ref'd n. r. e. See also State v. Compton, 142 Tex. 494, 179 S.W.2d 501; Lorance v. State, 172 S.W.2d 386 (Tex. Civ.App.1943) writ ref'd. Thus the owner or possessor of contraband sought to be forfeited is not being criminally tried in the forfeiture action as he must be in order to invoke bar by prior acquittal. Art. I, Sec. 14, Texas Constitution, Vernon's Ann. St. Respondent contends that while the forfeiture proceeding may be civil in name and in form it is *in fact* an attempt by the State to try him a second time for the crime. Coffey v. United States, 116 U.S. 436, 6 S. Ct. 437, 29 L.Ed. 684 (1886) is perhaps the best authority for this argument, but the holding of that case has been severely criti-

cized and rejected by most of the states and by the federal courts. Annotation, 27 A.L.R.2d 1137, 1142. See Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917, where it was held in spite of Coffey that Congress had the power to impose a civil remedial sanction (tax penalty) in aid of enforcement of the criminal prohibition without running afoul of the federal constitutional guarantee against double jeopardy.

■ The second ground upon which the plea in bar might be sustained is res judicata or estoppel by judgment. This is the ground upon which the Court of Civil Appeals has chosen to rest its holding, but we cannot agree with that holding. A prior adjudication of an issue in a criminal matter is not res judicata or estoppel by judgment to a subsequent civil action involving that same fact issue. Simpson v. City of Houston, 260 S.W.2d 94 (Tex.Civ.App. 1953) writ ref'd n. r. e.; Pittman v. Stephens, 153 S.W.2d 314 (Tex.Civ.App.1941) writ ref'd n. r. e. We have not been directed to, nor have we found binding Texas decisions on this question, but a majority of the other American jurisdictions, we think correctly, follow the rule as stated above. The reasons given for the rule include difference between criminal and civil actions with respect to quantum of proof, different subject matter, different consequences, and a technical difference of defendants. See Annotation, 27 A.L.R. 2d 1137, supra.

The difference between the quanta of proof required in the criminal and civil actions is the most convincing. The judgment of acquittal in this case was no more than a finding by the jury that the State has failed to prove beyond a reasonable doubt that respondent intended to sell the beer; it is not a finding that the State has failed to prove respondent's intent by a preponderance of the evidence as is required in civil cases.

■ We think that the question of bar by res judicata or estoppel by judgment is

the only real issue in the case, but since the case must be remanded for trial and since the Court of Civil Appeals has given so much attention to its holding that the county court judgment was admissible as evidence, we feel that we should clear up any possible misunderstanding about that. We hold that the judgment will not be admissible as evidence on the trial of the ultimate issue in the forfeiture proceeding. Ordinarily acquittals in criminal actions are not admissible as evidence in subsequent civil proceedings involving common fact issues. March v. Walker, 48 Tex. 372; Shook v. Peters, 59 Tex. 393; Landa v. Obert, 78 Tex. 33, 14 S.W. 297; 2 McCormick and Ray, Texas Law of Evidence 149, Sec. 1297 (2d ed., 1956).

The judgments of the Court of Civil Appeals and the trial court are reversed and the cause is remanded to the district court of Gaines County for trial.