**The STATE of Texas, Appellant,**

v.

**Francisco Javier NARVAEZ a/k/a Ernesto Hernandez and Amalia Narvaez, Appellees.**

No. 13–92–689–CV.

Court of Appeals of Texas, Corpus Christi.

May 4, 1995.

Steven C. Houssiere, Asst. County Atty., Brownsville, Luis V. Saenz, Dist. & County Atty., Brownsville, John A. Olson, Asst. County & Dist. Atty., Brownsville, for appellant.

Fred Galindo, Larry Warner, Brownsville, for appellees.

Before SEERDEN, C.J., and HINOJOSA and YAÑEZ, JJ.

## OPINION

YAÑEZ, Justice.

This is a forfeiture suit brought by the State of Texas against appellees, Francisco and Amalia Narvaez. The State seeks forfeiture of 2.61 acres of land located in Cameron County arising out of the seizure of nine tons of cocaine in Harlingen, Texas. The State filed this action in state court after a federal jury convicted Francisco Narvaez and returned a special verdict refusing to forfeit appellees' 2.61 acres. The trial court entered a judgment dismissing the State's case based on res judicata. We reverse the judgment and remand to the trial court.

The State asserts that the 2.61 acres were acquired with the proceeds from the sale of contraband. In the trial court, appellees filed a Special Plea of Res Judicata and Collateral Estoppel arguing that the land's forfeitability had already been determined in the federal court criminal proceeding. Appellees argue that the parties and the fact issues in any subsequent litigation will be the same.

The State appeals the trial court judgment by two points of error. The State argues that sustaining the plea of res judicata or collateral estoppel in this case is improper. The State contends that appellees failed to present sufficient evidence to support the trial court's dismissal.

■ Res judicata is an affirmative defense and should be treated as a "plea in bar," rather than as a plea in abatement or a plea to the jurisdiction. *Walker v. Sharpe,* 807 S.W.2d 442, 446 (Tex.App.—Corpus Christi 1991, no writ); *see also Texas Highway Department v. Jarrell,* 418 S.W.2d 486, 488 (Tex.1967). A plea in bar may not properly be sustained at a preliminary hearing unless the parties agree to this procedure or summary judgment procedure is utilized. *Kelley v. Bluff Creek Oil Co.,* 158 Tex. 180, 309 S.W.2d 208, 214 (1958); *Walker,* 807 S.W.2d at 447. Although the proper procedure in sustaining a plea of res judicata is to enter a take-nothing judgment in favor of a defendant, a dismissal with prejudice generally has the same effect and will be treated as a summary judgment that the plaintiff take nothing. *Walker,* 807 S.W.2d at 447 n. 2. Here, the State did not object to a preliminary disposition of appellees' motion to dismiss based on res judicata or collateral estoppel. Instead, the State argued against the motion in a preliminary hearing and never objected to the nature of the proceeding. Thus, appellees' motion was properly considered by the trial court, and we will review it as a motion for summary judgment. *See Walker,* 807 S.W.2d at 447.

■ Appellees argue that res judicata should bar the State's re-litigation of the forfeitability of the 2.61 acres and that the trial court properly sustained its motion to dismiss. The State argues, however, that a prior criminal proceeding does not automatically bar subsequent civil suits. It is well settled law that a prior adjudication of an issue in a criminal matter is not res judicata or estoppel by judgment to a subsequent civil action involving that same fact issue. *State v. Benavidez,* 365 S.W.2d 638, 640 (Tex.1963) (forfeiture action); *City of Houston v. Dillon,* 596 S.W.2d 212, 214 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) (res judicata inappropriate in civil appeal after federal criminal acquittal). "The reasons given for the rule include difference between criminal and civil actions with respect to quantum of proof, different subject matter, different consequences, and a technical difference of defendants." *Benavidez,* 365 S.W.2d at 640. We find that the trial court erred by dismissing the State's forfeiture suit based on res

judicata. We sustain appellant's points of error one and two.

Appellees further contend that, even if neither res judicata nor estoppel bars the State's suit, several other grounds exist for dismissing the case. The trial court, however, sustained appellees' plea of res judicata and based its dismissal upon that ground. The trial court specifically withheld judgment on appellees' other arguments and, thus, has not made a ruling or finding on them. Appellees' additional claims may have merit, but they are not properly before this court, and we will not review them. When the summary judgment expressly states the ground on which the trial court granted the motion, the appellate court is precluded from determining the viability of the other stated grounds when reviewing the summary judgment. *State Farm Fire & Casualty Co. v. S.S. & G.W.*, 858 S.W.2d 374, 381 (Tex.1993). Appellees' crosspoints one, two and three are overruled.

Accordingly, we REVERSE the judgment and REMAND this cause to the trial court.