NUMBER 13-98-600-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


DENISE STOCKTON and 

CECIL P. SAPP, Appellants,

v.



WILLIAM BELL Appellee.

 

___________________________________________________________________


On appeal from the 138th District Court


of Cameron County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Dorsey, Chavez, and Rodriguez



Opinion by Justice Chavez




 Appellants Denise Stockton and Cecil Sapp appeal from a post-answer default
judgment taken against them by William Bell. All parties were pro se in the trial court,
and are pro se on appeal. In his original petition, Bell alleged that appellants made
hundreds of harassing phone calls to his restaurant, resulting in financial losses to the
business. He also brought a cause of action against appellants for malicious
prosecution. On appeal, appellants argue that the trial court lacked jurisdiction,
limitations barred appellee's claims, the trial court impermissibly denied their motion
for summary judgment on the day before the scheduled hearing, and they did not
receive notice of the trial setting. We overrule these arguments and affirm the trial
court's judgment.

 Appellants' first argument is that the Cameron County district court lacked
jurisdiction over Bell's claims because they arose in Nueces County and were the
subject of pending litigation in other courts. District courts have jurisdiction(1) over all
actions and proceedings except where exclusive jurisdiction has been conferred on
some other court, tribunal, or administrative body. Tex. Const. art. V. § 8. Appellee's
petition alleged that he had suffered over $100,000 in damages, well in excess of any
possible minimum amount-in-controversy for district courts. See Chapa v. Spivey, 999
S.W.2d 833, 834-36 (Tex. App.--Tyler 1999, no pet.) (discussing absence of clear
statement in present law setting minimum amount in controversy for district court
jurisdiction, but nevertheless concluding that $500 minimum applied). 

 Appellants complain that many of the controversies referenced in appellee's
pleadings are the subject of pending litigation in other courts, and, therefore, should
have been pre-empted by the pre-existing litigation. However, the judgment in the
instant case did not award appellee any damages related to those controversies. 
Appellee received damages for his malicious prosecution cause of action, arising from
a "stalking" allegation made against him by the appellants, and for losses to his
business caused by harassing phone calls from appellants. Appellants neither alleged
nor proved that either of these matters were the subject of pending litigation in another
court.

 Appellants also argued that a malicious prosecution cause of action may only
be brought against law enforcement authorities. If meritorious, this argument would
constitute grounds for a summary judgment, not a dismissal for want of jurisdiction
as requested by appellants. In any event, Texas law allows a cause of action for
malicious prosecution against anyone who causes the commencement of a criminal
prosecution, including lay people who make false, malicious reports of criminal activity. 
Richey v. Brookshire Grocery Co., 952 S.W.2d 515, 517 (Tex. 1997);(2)
 see also Ellis
County State Bank v. Keever, 888 S.W.2d 790, 795 (Tex. 1994) (upholding judgment
for malicious prosecution against bank officials who reported debtor for crime of
hindering secured creditor). 

 Finally, appellants argued that appellee's claims are barred by limitations. 
Limitations is an affirmative defense, see Tex. R. Civ. P. 94, properly raised as a "plea
in bar" in a motion for summary judgment, not a plea to the jurisdiction. State v.
Narvaez, 900 S.W.2d 846, 847 (Tex. App.--Corpus Christi 1995, no writ). We hold
that, in addition to the defects in procedure, appellants' limitations arguments fail for
lack of proof.

 A person must bring suit for malicious prosecution not later than one year after
the day the cause of action accrues. Tex. Civ. Prac. & Rem. Code Ann. §16.002
(Vernon 1986). This limitation period begins upon the termination of the criminal
prosecution. Leal v. American Nat'l Ins. Co., 928 S.W.2d 592, 596 (Tex. App.--Corpus Christi 1996, writ denied). In this case, appellants failed to provide any
evidence of when the criminal prosecution ended.(3) Therefore, they failed to prove that
limitations barred appellee's malicious prosecution claim. 

 Appellee's claim for damage to his business occasioned by harassing phone calls
is subject to a four year statute of limitations. See Tex. Civ. Prac. & Rem. Code Ann.
§ 16.051 ((Vernon 1997). Here as well, appellants failed to present any evidence of
when the phone calls were made or when appellee's alleged damages were suffered. 
Without such proof, their limitations defense fails.

 Appellants' first point of error is overruled.

 In their second point of error, appellants complain that the trial court erred in
denying their motion for summary judgment on August 5, 1998, when a hearing had
been scheduled for that motion on August 6, 1998. A hearing was held on August
6, 1998, and, from the reporter's record of that hearing, it appears that the trial judge
actually denied the motion during that August 6, 1998 hearing, and the "August 5"
date on the order denying the motion may be a clerical error. In any event, appellants
did not appear at the August 6 hearing. Even if the trial court had denied their motion
before the scheduled hearing, because appellants did not appear for the hearing, they
suffered no harm. Appellants' second point of error is overruled.

 Appellants' third point complains that they did not receive notice that the trial
court might proceed with a trial on the merits on August 6. Appellants concede that
the trial court, in their words, "tentatively" set the case for trial on August 6 during
a hearing on May 26. However, the reporter's record for that day reveals that there
was nothing "tentative" about the August 6 trial setting. 

 The trial judge had first indicated that he wanted a trial date of June 18. 
Appellants asked for a later date, and the following exchange took place between
appellants and the judge:

THE COURT: We can do it - - I guess we could set it down for August 

 8th.


MR. SAPP: That would be a lot better, Your Honor.


THE COURT: Let me see. August the 8th is a - - no, August 6.


MR. SAPP: August 6 ?


MS: STOCKTON: August 6.


THE COURT: August 8 is a Saturday.


MR. SAPP: Okay, then, Thursday ?


THE COURT: Thursday. Okay. I'll give you till August 6, at ten 

 o'clock.


MR. SAPP: Yes, Your Honor.


MS. STOCKTON: Thanks a lot.


THE COURT: It will be set for trial at that time. It will be set for trial 

 before this court.

Appellants do not contend that any subsequent order of the trial court modified this
setting. In its final judgment, the trial court stated that appellants "had proper notice
of the trial setting, including personal notice in open court." The record supports this
finding. 

 Appellants contend that their failure to appear should be excused by a notice
they received that their motion for summary judgment would be heard on August 6,
but that "[n]o appearance is necessary." This notice regarding appellants' motion for
summary judgment did not alter the trial setting. Appellants argue that the trial court
was without authority to consider their motion for summary judgment and to conduct
a trial on the same day. However, there is no authority to support this argument,
either in appellants' brief or in the body of Texas law. 

 Appellants' third point of error is overruled.

 In their fourth point of error, appellants complain of the trial court's failure to
conduct a hearing on their claim that the reporter's record from the May 26 hearing
was inaccurate. We previously abated this appeal and ordered the trial court to
conduct "such hearings as may be necessary to settle the dispute." In camera, the
trial court reviewed the written record of the hearing and compared it to the court
reporter's tape recording of the hearing. The trial court found that the record was
substantially accurate, containing only two inconsequential errors. In a supplemental
brief, appellants complain that this action of the trial court was not sufficient. We hold
that the trial court's in camera review was sufficient, and overrule appellants' fourth
point of error as moot.

 The judgment of the trial court is affirmed.


 MELCHOR CHAVEZ

 Justice




Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 25th day of May, 2000. 

1. Appellants have not argued that venue, a separate concept from jurisdiction,
was improper in Cameron County.
2. The full list of elements that must be proven by a plaintiff in a malicious
prosecution lawsuit is: (1) the commencement of a criminal prosecution against the
plaintiff; (2) causation (initiation or procurement) of the action by the defendant; (3)
termination of the prosecution in the plaintiff's favor; (4) the plaintiff's innocence; (5)
the absence of probable cause for the proceedings; (6) malice in filing the charge; and
(7) damage to the plaintiff. Richey, 952 S.W.2d at 517.

3. Appellants' brief states that appellee was released from jail the same day he
was arrested, implying that the criminal prosecution ceased that same day. However,
nothing in the record supports this claim.