NUMBER 13-98-116-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


THE STATE OF TEXAS, Appellant,


v.



FRANCISCO JAVIER NARVAEZ 

AND AMALIA NARVAEZ, Appellees.

___________________________________________________________________


On appeal from the 138th District Court


of Cameron County, Texas.


___________________________________________________________________



O P I N I O N



Before Justices Dorsey, Yañez, and Chavez


Opinion by Justice Yañez


 The State brings this appeal from a judgment dismissing the
State's second amended original petition and notice of seizure and
intended forfeiture. The State appeals the dismissal in two issues.(1) We
affirm.

 On October 4, 1989, agents from the Texas Department of Public
Safety and the Harlingen, Texas, Police Department raided a house in
Harlingen, Texas, and seized approximately nine tons of cocaine. 
Several people were arrested as a result of the raid, including Francisco
Javier Narvaez, who was ultimately tried in federal court and found
guilty on sixteen charges involving drug trafficking. At Narvaez's trial,
the federal government also sought forfeiture, under federal criminal
law, of three pieces of property, including the 2.61 acre tract of land
which is the subject of this appeal.(2) The federal jury returned a verdict
in favor of forfeiture on two of the pieces of property, but did not allow
forfeiture of the 2.61 acres. The 2.61 acres in question will be referred
to as "the property" throughout this opinion.

 On August 1, 1991, officer Leonel Silva of the Harlingen Police
Department, swore out an affidavit to obtain a warrant to search, and
seize, the property. On August 29, 1991, the State of Texas, through
the Cameron County Attorney, filed a petition and notice of forfeiture
naming Francisco and Amalia Narvaez as defendants. See Tex. Code
Crim . Proc. Ann. Art. 59.01 (Vernon Supp. 2000). Following a pretrial
hearing, the trial court dismissed the case as being barred by res
judicata and collateral estoppel. The trial court held that the State's civil
forfeiture suit was barred as a result of the unsuccessful forfeiture
attempt at Francisco Narvaez's criminal trial in federal court. The case
was appealed to this Court. State v. Narvaez, 900 S.W.2d 846 (Tex.
App.--Corpus Christi 1995, no writ). Because "a prior adjudication of
an issue in a criminal matter is not res judicata or estoppel by judgment
to a subsequent civil action involving that same fact issue," this Court
reversed and remanded the case to the trial court. Id. at 847.

 On November 24, 1997, there was a pretrial hearing on several
motions filed by the Narvaezes in their answer to the State's second
amended petition. Included was a motion to dismiss for lack of
jurisdiction, a motion to dismiss for failure to state a cause of action,
and a motion to set aside the search warrant. Following the hearing the
trial court notified the parties, by a letter dated January 6, 1998, that it
would grant judgment for the Narvaezes. The letter directed the
Narvaezes to prepare a judgment.

 On January 27, 1998, the court signed the judgment, apparently
as prepared by the Narvaezes' counsel. The judgment is poorly
worded, and reads as though it was granted following a bench trial on
the merits of the case.

 The State filed a motion to vacate the judgment and requested
findings of fact. The court denied the motion to vacate and refused to
issue findings of fact on February 19, 1998. The State filed a notice of
appeal on February 26, 1998. That same day the trial court signed
another order denying the State's motion to vacate, but granting the
request for findings of fact, which the court issued along with the order. 
By two issues, the State appeals the judgment of the trial.

 In its first issue, the State argues that the court erred in signing a
judgment holding that the State had failed to prove the property to be
contraband because the State was not given adequate notice of trial, as
required under the rules of civil procedure. Tex. R. Civ. P. 245. Under
rule 245, the parties to a suit must be given "reasonable notice of not
less than forty-five days . . . of a first setting for trial, or by agreement
of the parties." Id.

 The clerk's record for the hearing in question shows that it was
understood, by the judge and both parties, to be a hearing on the
Narvaezes' motions. The court's docket sheet shows that on October
28, 1997, a pretrial hearing was ordered, with the hearing to be held on
November 24, 1997. The State did not complain to the trial court of any
deficiency in notice as to the hearing. The hearing began with the State
putting on witnesses to oppose the Narvaezes' motion to suppress the
search and seizure warrant. Most of the record pertaining to the
hearing involves examination and cross-examination of officer Silva
about his affidavit, which was used to obtain the warrant to search and
seize the property. Following the hearing that the court decided to
dismiss the case. The court did not treat the hearing as a trial. The
court heard testimony, and received into evidence, exhibits offered by
the defense, including the warrant and the affidavit which was used to
secure the warrant. A review of the record leads this Court to conclude
that the trial court held a pre-trial hearing and determined, based on the
evidence presented at the pretrial hearing, that the case should be
dismissed. Because there was no trial, the State was not required to
receive notice of a trial under the rules of civil procedure. The State's
first issue is overruled.

 The evidence presented at the hearing showed that officer Silva's
affidavit was insufficient to establish probable cause necessary to
support a warrant. In determining if the facts alleged in a probable
cause affidavit are sufficient to support a warrant, the totality of the
circumstances are considered. See Ramos v. State, 934 S.W.2d 358,
363 (Tex. Crim. App. 1996) (whether the facts alleged in a probable
cause affidavit sufficiently support a search warrant is determined by
examining the totality of the circumstances). Whether probable cause
exists is determined by looking at the facts contained within the
affidavit and the reasonable inferences which may be drawn from those
facts. See Carroll v. State, 911 S.W.2d 210, 216 (Tex. App.--Austin
1995, no pet.). Probable cause for seizure of a person's property is a
"reasonable belief that a substantial connection exists between the
property to be forfeited and the criminal activity defined by the statute."
$18,800 In U.S. Currency v. State, 961 S.W.2d 257, 260 (Tex. App.--Houston [1st Dist.] 1997, no writ).

 In the present case, Silva's affidavit explains that nine tons of
cocaine were seized at a "stash house"(3) and that the drug traffickers
established a business named "Harlingen Back-Hoe" as a front behind
which to carry on their illegal trade. The affidavit stated that cocaine
was stored at Harlingen Back-Hoe, before being shipped to Houston. 
The only connection between the drug trafficking and the property now
in question was a ledger book, found at the stash house, that officer
Silva stated would "indicate" telephone calls to the Narvaez home. 
Although the affidavit states that it is the belief of the affiant that the
property is contraband under article 59.01 of the Texas Code of Criminal
Procedure, there are no facts in the affidavit to support that conclusion.

 The drug seizure which led to the State's seizure of the property
occurred on October 4, 1989. Article 59.01 of the code of criminal
procedure did not take effect until October 18, 1989. Act of August 2,
1989, 71st Leg., 1st C.S., ch. 12, 1989 (amended 1999) (current version
at Tex. Code Crim. Proc. Ann. art. 59.01 (Vernon Supp. 2000)). The
Narvaezes argue that the property is not subject to seizure because if
it is contraband, it achieved the status as contraband before the
forfeiture provision took effect. We do not reach this issue, because we
find that the affidavit fails to allege facts sufficient to show that the
property was contraband under article 59.01.

 Article 59.01 originally defined property as contraband if it was
used in the commission of a variety of felonies, or acquired with
proceeds gained from those felonies. Id. The current version expands
the list of crimes which can be used to define property as contraband. 
See Tex. Code Crim Proc. Ann. art. 59.01 (Vernon Supp. 2000). The
affidavit used to obtain the warrant does not allege that the property
was used in any crime at all, nor does it allege any facts to support a
claim that the property was acquired with proceeds from any of the
crimes required under the code of criminal procedure. See Id. The
affidavit does not support the seizure warrant, and the judge was
correct in dismissing this case.

 The State's second issue challenges the trial court's findings of
fact and conclusions of law.(4) The State first argues that the trial court
should not have issued findings of fact at all, citing as support for the
argument, the Texas Supreme Court's decision in IKB Industries
(Nigeria) Ltd. B. Pro-Line Crop., 938 S.W.2d 440 (Tex. 1997). The
proceedings listed in IKB in which findings of fact should not be filed
are all proceedings in which the court rules without considering any
evidence. Id. at 443. In the instant case, the trial court did consider
evidence, specifically the search and seizure warrant and the supporting
affidavit. Findings of fact were appropriate in this case. See
Zimmerman v. Robinson, 862 S.W.2d 162, 164 (Tex. App.--Amarillo
1993, no writ) (holding that trial court has a duty to file requested
findings of fact and conclusions of law where there has been an
evidentiary hearing to the court).

 The State next argues that the evidence is insufficient to support
the trial court's findings. The standards for reviewing the legal and
factual sufficiency of the evidence supporting the court's findings of fact
are the same as the standards applied in reviewing the legal and factual
sufficiency of the evidence supporting a jury's finding. Anderson v. City
of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991). A challenge to the
factual sufficiency of the evidence will succeed "only if [the verdict] is
so contrary to the overwhelming weight of the evidence that the verdict
is clearly wrong and unjust." Maritime Overseas Corp. v. Ellis, 971
S.W.2d 402, 407 (Tex. 1998). A challenge to the legal sufficiency of the
evidence will succeed only if there is no more than a mere scintilla of
evidence. Merrell Dow Pharmaceuticals v. Havner, 953 S.W.2d 706,
711 (Tex. 1997), cert. denied, 53 U.S. 1119, 118 S.Ct. 1799, 140
L.Ed.2d 939 (1998). In the instant case the evidence is both factually
and legally sufficient to support the trail court's findings of fact and
conclusions of law.

 The trial court found that the affidavit used to secure the search
and seizure warrant did not contain facts to support the warrant. We
agree that Silva's affidavit, as discussed above, failed to allege facts to
support the warrant. The trial court did not err in making this finding,
nor did the court err in its conclusion of law that the warrant was
issued without probable cause. These findings of fact and conclusions
of law support the dismissal of the State's case. With the warrant
declared invalid, there is no property to support this suit. The State's
second issue is overruled.

 The judgment of the trial court is AFFIRMED.


 ________________________

 LINDA REYNA YAÑEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 24th day of August, 2000.

1. This is the second time this case has been dismissed by the trial
court and appealed to this Court. State v. Narvaez, 900 S.W.2d 846
(Tex. App.--Corpus Christi 1995, no writ).
2. The 2.61 acre tract was bought by Amalia Narvaez in 1984, and
has a house situated on it. Amalia Narvaez is the wife of Francisco
Narvaez.
3. The "stash house" is not the house on the property at issue in
this action.
4. The State's brief incorrectly describes the court's order as being
the appellee's order, further stating that the trial court should not have
"endorsed" the "appellees' order." When findings of fact are signed by
a judge, they "become those of that judge regardless of who prepared
or recommended them." Ikard v. Ikard, 819 S.W.2d 644, 651 (Tex.
App.--El Paso 1991, no writ). It is standard practice for the prevailing
party to draft findings of fact. Id.