Samuel Mugenyi Kadyebo v. Anne Chuko

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-306-CV

SAMUEL MUGENYI KADYEBO APPELLANT

V.

ANNE CHAKO APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

This is an appeal from a negligence action that arose out of a motor vehicle accident.  The jury found Appellant Samuel Mugenyi Kadyebo 100% negligent and awarded Appellee Anne Chako damages of $9,076.01.  In a pro se brief in six points, Kadyebo contends that the trial court lacked subject matter jurisdiction, that the trial court erred by admitting false testimony and evidence, and that the trial court erred by denying three of his pretrial motions and granting Chako’s motion for partial summary judgment.  We will affirm.

II.  Factual and Procedural Background

Kadyebo and Chako were involved in a two-car accident.  Chako called the police, and Officer Clifford Cecil Elliott was dispatched to the scene.  After looking at the positions of the cars and talking to both parties, Officer Elliott wrote a police report that cited Kadyebo for failing to yield right of way and for failure to provide proof of insurance.  

In December of 2000, Chako brought this action seeking compensation for damage to her vehicle sustained in the accident.  Subsequently, in January of 2001, the Arlington municipal court dismissed Kadyebo’s citation for failure to yield right of way.  Kadyebo then brought a counterclaim against Chako for negligence, fraud, malice, conspiracy, and defamation.   

Kadyebo moved for default judgment on his counterclaim, claiming that  Chako failed to file a timely answer, and he also moved for summary judgment on his counterclaim.  The trial court denied both motions.  Chako filed a motion for partial summary judgment on Kadyebo’s counterclaim,
(footnote: 2) and the trial court granted summary judgment for Chako on Kadyebo’s counterclaim.  

At trial, Kadyebo admitted that, at the intersection where the accident occurred, no stop sign existed requiring Chako to stop.  The police report was entered into evidence without objection, but the trial court redacted from the report the words “tickets given for failure to yield [right] of way and insurance.”

III.  Trial Court’s Jurisdiction

In his first point, Kadyebo argues that Chako’s suit against him was not ripe because, at the time that Chako filed suit, there was an ongoing criminal action against him for failure to yield right of way.  In his third point, Kadyebo makes a similar argument that the trial court lacked jurisdiction over this suit because the municipal court dismissed the failure to yield right of way citation. The pendency of a criminal matter does not impair a court's proceeding with a contemporaneous civil matter involving the same issues or parties.  
Kugle v. DaimlerChrysler Corp.
, 88 S.W.3d 355, 362 (Tex. App.—San Antonio 2002, pet. denied) (en banc op. on reh’g).  Additionally, a prior adjudication of an issue in a criminal matter does not bar a subsequent civil action involving that same fact issue.  
State v. Benavidez
, 365 S.W.2d 638, 640 (Tex. 1963).  “The reasons given for the rule include difference between criminal and civil actions with respect to quantum of proof, different subject matter, different consequences, and a technical difference of defendants.”  
Id.
 

Neither the ongoing criminal action against Kadyebo for failure to yield right of way nor the subsequent dismissal of that citation barred Chako from bringing this civil action or impaired the trial court’s ability to proceed with the civil action.  
See Kugle
, 88 S.W.3d at 362;
 Benavidez
, 365 S.W.2d at 640.
  We overrule Kadyebo’s first and third points.

IV.  Denial of Motions

In his fifth point, Kadyebo contends that the trial court erred by denying his motion to dismiss Chako’s original petition as frivolous and for want of prosecution and by denying his motions for default judgment and summary judgment because Chako failed to timely answer his counterclaim.  In his sixth point, Kadyebo contends that Chako is liable for negligence, gross negligence, malice, defamation, conspiracy, and fraud.  Construing his sixth point liberally, we interpret his argument to contend that the trial court erred by granting Chako’s motion for partial summary judgment on his counterclaim for fraud, malice, conspiracy, and defamation.  
See 
Tex. R. App. P.
 38.9.  

Although Kadyebo is proceeding pro se, he must comply with all applicable procedural rules. 
 See Strange v. Cont’l Cas. Co.
, 126 S.W.3d 676, 677-78 (Tex. App.—Dallas 2004, pet. denied) 
(citing
 Mansfield State Bank v. Cohn
, 573 S.W.2d 181, 184-85 (Tex. 1978)), 
cert. denied, 
125 S. Ct. 928 (2005).  A pro se litigant is held to the same standard that applies to a licensed attorney.  
Id.  
Kadyebo does not cite, nor do we find, any portion of the record or any legal authority to support his contentions that Chako’s original petition should have been dismissed as frivolous or for want of prosecution or that the trial court erred by granting Chako’s motion for partial summary judgment.  
See 
Tex. R. App. P.
 38.1(h) (requiring that arguments contain appropriate citations to authorities and to the record).  Because these contentions are inadequately briefed and are not supported by the record, they are waived, and we will not address them.  
See id.
; 
Town of Flower Mound v. Teague
, 111 S.W.3d 742, 762 (Tex. App.—Fort Worth 2003, pet. denied) (op. on reh’g).

Regarding Kadyebo’s contention that the trial court erred by dismissing his motions for default judgment and summary judgment, Texas Rule of Civil Procedure 92 states, “When a counterclaim or cross-claim is served upon a party who has made an appearance in the action, the party so served, in the absence of a responsive pleading, shall be deemed to have pleaded a general denial of the counterclaim or cross-claim . . . .”  
Tex. R. Civ. P. 
92.  Therefore, Chako was not required to file an answer to Kadyebo’s counterclaim, and Kadyebo was not entitled to a default judgment or a summary judgment on this basis.  
See id. 
 Accordingly, we hold that the trial court did not err by denying Kadyebo’s motions for default judgment and summary judgment.  We overrule Kadyebo’s fifth and sixth points.

V.  Other Unpreserved and Inadequately Briefed Alleged Errors

In his second point, Kadyebo contends that Chako committed perjury by “lying to the court through [her] . . . filings, evidence and testimony hereof.”  Specifically, he contends that the police report was inadmissible because it included a “false” failure to yield right of way.  In his fourth point, Kadyebo argues that Chako improperly relied on a fraudulent police report at trial and that Chako’s attorney filed false disclosures and a false affidavit of Chako. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a); 
see also
 
Tex. R. Evid.
 103(a)(1).  If a party fails to do this, error is not preserved, and the complaint is waived.  
Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g).  The objecting party must get a ruling from the trial court.  This ruling can be either express or implied.  
Frazier v. Yu,
 987 S.W.2d 607, 610 (Tex. App.—Fort Worth 1999, pet. denied).  If trial judge refuses to rule, an objection to the refusal to rule is sufficient to preserve error.  
Tex. R. App. P.
 33.1(a)(2).

Here, the record reveals that Kadyebo failed to object when Chako introduced the police report into evidence, failed to object that Chako’s affidavit or disclosures were false, and failed to object to the specific testimony he complains of on appeal.  Therefore, Kadyebo failed to preserve any error.
(footnote: 3)  We overrule Kadyebo’s second and fourth points.

VI.  Conclusion

Having overruled Kadyebo’s six points, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED: January 19, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
Chako’s motion sought partial summary judgment on all of Kadyebo’s counterclaim except for his claim that Chako was negligent.

3:
Kadyebo also bases a large part of his argument on spoliation of evidence, which deals with the destruction of papers or objects that are instrumental to a party’s success in a lawsuit.  
See Trevino v. Ortega
, 969 S.W.2d 950, 952 (Tex. 1998).  But Kadyebo did not make this complaint at trial and failed to point to any spoliated evidence on appeal; therefore we do not consider his contention.  
See 
Tex. R. App. P.
 33.1(a).