COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-306-CV

 

 

SAMUEL MUGENYI KADYEBO                                               APPELLANT

 

                                                   V.

 

ANNE CHAKO                                                                        APPELLEE

 

                                              ------------

 

         FROM COUNTY
COURT AT LAW NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction








This is an appeal from a negligence action that
arose out of a motor vehicle accident. 
The jury found Appellant Samuel Mugenyi Kadyebo 100% negligent and
awarded Appellee Anne Chako damages of $9,076.01.  In a pro se brief in six points, Kadyebo
contends that the trial court lacked subject matter jurisdiction, that the
trial court erred by admitting false testimony and evidence, and that the trial
court erred by denying three of his pretrial motions and granting Chako=s motion
for partial summary judgment.  We will
affirm.

II.  Factual and Procedural Background

Kadyebo and Chako were involved in a two-car
accident.  Chako called the police, and
Officer Clifford Cecil Elliott was dispatched to the scene.  After looking at the positions of the cars
and talking to both parties, Officer Elliott wrote a police report that cited
Kadyebo for failing to yield right of way and for failure to provide proof of
insurance.  

In December of 2000, Chako brought this action
seeking compensation for damage to her vehicle sustained in the accident.  Subsequently, in January of 2001, the
Arlington municipal court dismissed Kadyebo=s
citation for failure to yield right of way. 
Kadyebo then brought a counterclaim against Chako for negligence, fraud,
malice, conspiracy, and defamation.   








Kadyebo moved for default judgment on his
counterclaim, claiming that  Chako failed
to file a timely answer, and he also moved for summary judgment on his
counterclaim.  The trial court denied
both motions.  Chako filed a motion for
partial summary judgment on Kadyebo=s
counterclaim,[2]
and the trial court granted summary judgment for Chako on Kadyebo=s
counterclaim.  

At trial, Kadyebo admitted that, at the intersection
where the accident occurred, no stop sign existed requiring Chako to stop.  The police report was entered into evidence
without objection, but the trial court redacted from the report the words Atickets
given for failure to yield [right] of way and insurance.@

III.  Trial Court=s
Jurisdiction








In his first point, Kadyebo argues that Chako=s suit
against him was not ripe because, at the time that Chako filed suit, there was
an ongoing criminal action against him for failure to yield right of way.  In his third point, Kadyebo makes a similar
argument that the trial court lacked jurisdiction over this suit because the
municipal court dismissed the failure to yield right of way citation.       The pendency of a criminal matter does not
impair a court's proceeding with a contemporaneous civil matter involving the
same issues or parties.  Kugle v.
DaimlerChrysler Corp., 88 S.W.3d 355, 362 (Tex. App.CSan
Antonio 2002, pet. denied) (en banc op. on reh=g).  Additionally, a prior adjudication of an
issue in a criminal matter does not bar a subsequent civil action involving
that same fact issue.  State v.
Benavidez, 365 S.W.2d 638, 640 (Tex. 1963). 
AThe
reasons given for the rule include difference between criminal and civil
actions with respect to quantum of proof, different subject matter, different
consequences, and a technical difference of defendants.@  Id. 

Neither the ongoing criminal action against
Kadyebo for failure to yield right of way nor the subsequent dismissal of that
citation barred Chako from bringing this civil action or impaired the trial
court=s
ability to proceed with the civil action. 
See Kugle, 88 S.W.3d at 362; Benavidez, 365 S.W.2d at
640.  We overrule Kadyebo=s first
and third points.

IV.  Denial of Motions

In his fifth point, Kadyebo contends that the
trial court erred by denying his motion to dismiss Chako=s
original petition as frivolous and for want of prosecution and by denying his
motions for default judgment and summary judgment because Chako failed to
timely answer his counterclaim.  In his
sixth point, Kadyebo contends that Chako is liable for negligence, gross
negligence, malice, defamation, conspiracy, and fraud.  Construing his sixth point liberally, we
interpret his argument to contend that the trial court erred by granting Chako=s motion
for partial summary judgment on his counterclaim for fraud, malice, conspiracy,
and defamation.  See Tex. R. App. P. 38.9.  








Although Kadyebo is proceeding pro se, he must
comply with all applicable procedural rules.  See Strange v. Cont=l Cas.
Co., 126 S.W.3d 676, 677-78 (Tex. App.CDallas
2004, pet. denied) (citing Mansfield State Bank v. Cohn, 573 S.W.2d 181,
184-85 (Tex. 1978)), cert. denied, 125 S. Ct. 928 (2005).  A pro se litigant is held to the same
standard that applies to a licensed attorney. 
Id.  Kadyebo does not cite,
nor do we find, any portion of the record or any legal authority to support his
contentions that Chako=s original petition should have
been dismissed as frivolous or for want of prosecution or that the trial court
erred by granting Chako=s motion for partial summary
judgment.  See Tex. R. App. P. 38.1(h) (requiring that
arguments contain appropriate citations to authorities and to the record).  Because these contentions are inadequately
briefed and are not supported by the record, they are waived, and we will not
address them.  See id.; Town of
Flower Mound v. Teague, 111 S.W.3d 742, 762 (Tex. App.CFort
Worth 2003, pet. denied) (op. on reh=g).








Regarding Kadyebo=s
contention that the trial court erred by dismissing his motions for default
judgment and summary judgment, Texas Rule of Civil Procedure 92 states, AWhen a
counterclaim or cross-claim is served upon a party who has made an appearance
in the action, the party so served, in the absence of a responsive pleading,
shall be deemed to have pleaded a general denial of the counterclaim or
cross-claim . . . .@ 
Tex. R. Civ. P. 92.  Therefore, Chako was not required to file an
answer to Kadyebo=s counterclaim, and Kadyebo was
not entitled to a default judgment or a summary judgment on this basis.  See id.  Accordingly, we hold that the trial court did
not err by denying Kadyebo=s
motions for default judgment and summary judgment.  We overrule Kadyebo=s fifth
and sixth points.

V.  Other Unpreserved and Inadequately Briefed
Alleged Errors

In his second point, Kadyebo contends that Chako
committed perjury by Alying to the court through [her]
. . . filings, evidence and testimony hereof.@  Specifically, he contends that the police
report was inadmissible because it included a Afalse@ failure
to yield right of way.  In his fourth
point, Kadyebo argues that Chako improperly relied on a fraudulent police
report at trial and that Chako=s
attorney filed false disclosures and a false affidavit of Chako.        To preserve a complaint for our review, a
party must have presented to the trial court a timely request, objection, or
motion that states the specific grounds for the desired ruling, if they are not
apparent from the context of the request, objection, or motion.  Tex.
R. App. P. 33.1(a); see also Tex.
R. Evid. 103(a)(1).  If a party
fails to do this, error is not preserved, and the complaint is waived.  Bushell v. Dean, 803 S.W.2d 711, 712 (Tex.
1991) (op. on reh=g).  The objecting party must get a ruling from
the trial court.  This ruling can be
either express or implied.  Frazier v.
Yu, 987 S.W.2d 607, 610 (Tex. App.CFort
Worth 1999, pet. denied).  If trial judge
refuses to rule, an objection to the refusal to rule is sufficient to preserve
error.  Tex.
R. App. P. 33.1(a)(2).








Here, the record reveals that Kadyebo failed to
object when Chako introduced the police report into evidence, failed to object
that Chako=s affidavit or disclosures were
false, and failed to object to the specific testimony he complains of on
appeal.  Therefore, Kadyebo failed to
preserve any error.[3]  We overrule Kadyebo=s second
and fourth points.

VI.  Conclusion

Having overruled Kadyebo=s six
points, we affirm the trial court=s
judgment.

 

 

 

SUE
WALKER

JUSTICE

 

PANEL B:   DAUPHINOT, WALKER, and MCCOY, JJ.

 

DELIVERED: January 19,
2006

 

 











[1]See Tex. R. App. P. 47.4.





[2]Chako=s motion sought partial
summary judgment on all of Kadyebo=s counterclaim except for his claim that Chako
was negligent.





[3]Kadyebo also bases a
large part of his argument on spoliation of evidence, which deals with the
destruction of papers or objects that are instrumental to a party=s success in a
lawsuit.  See Trevino v. Ortega, 969
S.W.2d 950, 952 (Tex. 1998).  But Kadyebo
did not make this complaint at trial and failed to point to any spoliated
evidence on appeal; therefore we do not consider his contention.  See Tex.
R. App. P. 33.1(a).